## Moses Frank *v.* John H. Manny.

Where the matters inquired about, upon the cross-examination, are directly connected with the subject of the inquiry of the suit, the answers elicited are not conclusive against the examiner; and he may, by other proof, contradict the testimony of the witness, (although he cannot impeach his general credibility and character.)

Whether the contents of a paper, though not the foundation of the action, but relating solely to a collateral fact, may be proved by parol—*query.*

A notice to produce a writing upon the trial will be good, although informal and inaccurate in some particulars—*e. g.,* the date of the paper—if it fairly apprize the party of the paper to be produced.

APPEAL by the plaintiff from a judgment of the Fourth District Court. The facts, so far as they concern the grounds of the appeal, are stated in the opinion of the court.

*Levy Cohen,* for appellant.

*W. W. Northrop,* for respondent.

CARDOZO, J.—Two questions only are presented by this appeal:

1. The appellant objected below, "that the defendant having cross-examined the plaintiff on new matter, not called out by the plaintiff, thereby made the latter his own witness, and

Frank v. Manny.

could not impeach him." If, by this objection, the defendant meant to insist that when a witness called by one party is examined by the other on purely collateral matters—not in the least connected with the subject of the inquiry in the suit— the answers thus elicited are conclusive, because he cannot be permitted to confuse and embarrass the determination of the real question in the cause, by an effort to try issues which would be immaterial, the proposition is undoubtedly correct (1 Phillips' Ev. p. 272; *Howard* v. *The City Fire Ins. Co.*, 4 Denio, 502).

But the point has no application in the present instance, because the cross-examination was not within the rule mentioned. The matters inquired about were directly within the legitimate line of defense which the respondent sought, and had the right, to maintain.

But if, by the objection, the plaintiff meant to assert that although the matters inquired about were not within the rule to which I have adverted; yet that they were of such a nature, in view of the direct evidence, as to make the plaintiff the witness of the defendant, so as to preclude him from impeaching his character; then I have to say, without stopping to consider whether such was the line of examination, that, conceding it to have been so, no error was committed below in this respect. The defendant did not propose to impeach the character of the plaintiff, and the rule mentioned has no further extent than that a party cannot be permitted to assert, that the character of his own witness is such as to render him unworthy of credit. The witness may be shown to be in error. The direct converse of what he testified to may be proven by other evidence; but his general credibility and character cannot be attacked. That is the only limitation which the rule relied upon imposes.

2. I think there are several answers to the other point made by the appellant.

I should not be inclined to hold that the contents of a paper, even though it be not the foundation of the action, but relates merely to some collateral fact, may be proven by parol.

I think the soundness in that respect of the case of *McFadden* v. *Kingsbury*, 11 Wend. 667, may well be doubted (see comments upon that decision by Messrs. Cowen and Hill, in their second volume of notes to Phillips on Ev., pp. 1211 and 1213).

But even if the notice to produce, which was given in this case, were insufficient, and I think it was not, because the fact of a settlement in writing, the production of which was desired, was the important point of the notice, and the date of the alleged settlement could scarcely have misled the plaintiff; and if the notice fairly apprize the party of the paper wanted, it will be good, although informal and inaccurate in some particulars. Yet I am of opinion that there are two conclusive answers to the plaintiff's objection, viz. : 1. The defendant did not give any evidence of the contents of the paper. He proved an independent fact—that, on a particular occasion, a balance was struck between the parties, and that the plaintiff was indebted to him between $200 and $300. This did not call for the contents of any paper. But, 2dly, if it did, the defendant testified that the plaintiff told him that the paper was lost. This was not contradicted by the plaintiff, and was therefore sufficient to justify the admission of parol evidence of its contents, without notice to produce it.

I think the judgment right, and that it should be affirmed.