JUDGE LINDSAY
delivered the opinion oe the court.
The payment of the amount of the policy of insurance on the life of Frederick S. Siegel, deceased, is resisted upon three grounds.
1. That the insured, before his death and while the policy was in force, had delirium tremens from drink.
2. Because he answered falsely a question in the application for insurance as to whether or not he was addicted to habits of intemperance.
3. Because the notice and proof of his death set out a state of facts precluding a recovery in this action.
If either of the first two grounds present a good defense, it is because of this stipulation in the policy: “ In case he (the assured) shall become so far intemperate as to impair his healtli or induce delirium tremens, ... or if the proposals, answers, and declarations made by said Frederick S. Siegel, and bearing date the 7th of June, 1866, and which are hereby made part and parcel of this policy as fully as if herein recited, and upon the faith of which this agreement is made, shall be found in any respect untrue, then and in sueh case this policy shall be null and void.”
The issues raised by these two defenses were fairly pre *452 sented to the jury by the instructions of the court, and the evidence is such that this court will not interfere with its finding.
The paragraph of the appellant’s answer by which the third ground of defense was attempted to be set up, and to which a demurrer was sustained, is in these words:
“ The defendant, further answering, says that by the terms of said policy it was distinctly agreed that if the said Siegel should become so far intemperate as to impair his health or to induce delirium tremens, the said policy would thereby become null and void, and by the terms of said policy plaintiffs were required to give due notice and proof of the death of the insured. Now defendant says that by the proof furnished by plaintiffs — viz., the affidavit of D. C. Cummins, M. D., the attending physician of F. S. Siegel, deceased — it fully appears that the said Siegel, just before his death and while said policy was in force, ‘ was suffering from delirium tremens from drink,’ and this was all the evidence furnished by plaintiffs on that point. Defendant files herewith the affidavit of said Cummins, the same furnished by plaintiffs to defendant, and files the same herewith as part hereof, marked Exhibit B. Wherefore defendant says plaintiffs have hitherto failed to make the necessary proof as required by the terms of the policy, and are not entitled to recover in this action.”
If it was intended by this plea to controvert the direct .allegation in the petition that due and proper notice and proof of. Siegel’s death had been furnished to appellant more than ninety days before the action was instituted, it is clearly bad. It .admits that the company received notice and proof of the death, but pleads as matter of law .that it was not such as was required by the ■ terms of the policy.. Whatever effect the statement in. Cummins’s affidavit to the effect that Siegel had delirium tremens may have upon appellees’ ultimate right to recover, it did.not impair the efficacy of the notice and proof *453 of the death of the insured. The policy requires notice and proof of the death. It does not require the facts and circumstances attending it to be set out in the proof. If such facts be unnecessarily set out, and they conduce to show that some of the conditions of the policy have been violated, it is possible that this preliminary proof may be used as evidence, in an action on the policy, to sustain a defense based upon such violations. Whatever the rule upon this question may be, it is not sufficiently denied that in this case due notice and proof of the death were furnished.
Appellant further insists that this paragraph presented a good defense, because the proof of the death showed that the conditions of the policy had been violated and the policy forfeited; and that although this proof might not absolutely conclude appellees, yet they could maintain no action until they had first corrected the misstatement or mistake contained therein. This position is not sustained by the cases relied on.
Appellees had the undoubted right to sue. Appellant might have pleaded the facts disclosed by the preliminary proof as a defense to the action. It might have introduced these preliminary proofs as evidence to sustain its defense, and the question then would have arisen whether appellees would have been allowed to show that the extraneous matter therein set out was not true. In the case of Irving v. Excelsior Insurance Company (1 Bosw. N. Y. 513) it was held in an action on a fire-insurance policy, which required the insured to deliver to the company a just and true account of his loss, which should be as particular as the nature of the case would allow, and which should be verified by his oath, that the plaintiff could not change his ground on the trial, and impeach the truth of his own statement. In the case under consideration the circumstances attending the death were not required to be stated, and the statement upon which appellant relies was not made or sworn to by appellees. The same distinction exists *454 between this and the cases of Campbell v. Charter Oak Insurance Company (10 Allen, 214) and Howard v. Insurance Company (4 Denio, 508), and it is to be observed that in each of these cases the insurers pleaded the violation of the policy, and relied on the preliminary proofs as evidence to sustain their pleas.
The doctrine stated in the case of Cluff v. Mutual Benefit Life Insurance Company (1 Bigelow’s L. & A. Reports, 269), “ When an apparent ground of defense is declared by a separate and unnecessary narration of circumstances, and 'the proofs required by the policy are complete without that narration and disclosure, it can not be said that the party has failed to comply with the condition imposed upon his right to litigate his claim,” in the opinion of the court, embodies the correct principle, and controls this case.
Hence we conclude that the paragraph quoted presented no defense to the action not already set up in paragraph No. 1, and that the demurrer was properly sustained. As the appellant did not offer to read Cummins’s affidavit in support of his first ground of defense, we need not decide whether it would have been competent for that purpose, nor whether, if competent, the appellees would have been. concluded by the statements it contained.
Judgment affirmed.