## No. 6010.

THE LION FIRE INSURANCE COMPANY v. FRANK STARR.

1. INSURANCE POLICY—SUPPRESSION OF EVIDENCE.—A violation by the assured of a clause in the fire insurance policy requiring upon a loss the production of account books, vouchers, etc., will not avoid the policy, but may be a subject of comment before the jury trying the issue as to the extent of the loss.

2. SAME—FRAUD BY ASSURED.—A violation by the assured of a clause in the policy that "any fraud or attempt at fraud, or any false swearing on the part of the assured, shall cause a forfeiture of all claims under this policy," in prosecuting a claim, is a defense to an action for loss upon such policy; and false swearing, either by the party or by a witness in his behalf, wilfully resorted to by the plaintiff, would be a defense to such action.

3. SAME.—It was error in the court to charge that the false swearing, to be a defense, should be by the party and his witnesses both.

4. FALSE SWEARING.—To be a defense, the fraud or false swearing upon part of the assured should be wilful, and not the result of inadvertence or mistake.

5. MEASURE OF DAMAGES.—The measure of damages or extent of relief on the insurance policy is the extent of loss or the actual damage.

6. WITNESS—COMPETENCY.—An employe of an insurance company, by reason of such employment, is a competent witness to prove that at the date of the contract of insurance the assured did not have on hand goods of the value estimated in the policy.

7. OPINION OF WITNESS.—A witness was asked: "Do you believe that plaintiff's demand for recompense for total loss of one thousand dollars, on each of two insurance policies on the contents of his restaurant and fish stand, is based upon a just, honest and fair valuation of the property destroyed?" He answered: "I most positively do not," and then gave his reasons for the opinion. On objection, the question and answer were properly excluded, as the opinion of the witness was not competent testimony.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

The facts are set out in the opinion.

*Henry P. Drought,* for appellant: 1. All parts of the policy are parts of the contract. (Crane, Breed & Breed v. City Ins. Co., 3 Fed. Rep., 558; Regnier v. Ins. Co., 12 La., 344; Clafin v. Ins. Co., 110 U. S. Sup. Ct., 81; Howard v. Ins. Co., 4 Denio, 502.)

2.   A contract of insurance is a contract of indemnity to the insured for his actual loss.   (Brinley v. Ins. Co., 11 Metcalf, 195; Dalby v. Ins. Co., 15 C. B., 365, and 3 Cent. Law Rep., 61; Chapman v. Pole, 22 L. T. N. S., 306; Macy on Ins., 2 ed., secs. 2, 7, 8.)

3.   Knowledge on the part of the agent of the insurance company of the falsity of a warranty will not avail to relieve the insured of the consequence of the breach.   (Jennings v. Ins. Co., 2 Denio, 75; Chase v. Ins. Co., 20 N. Y., 53.)

*T. T. Vander Hoeven, Shook & Dittmar*, for appellee:   Appellant having accepted and received payment for, and having acquiesced in the policy for so long a time—with a full knowledge of what the witness was to testify to as to the excess in valuation, was estopped from alleging the invalidity of the policy.   (Ins. Co. v. Lyons, 38 Texas, 253; Wood on Fire Ins., sec. 497; May on Ins., sec. 497.)

ACKER, JUDGE.   Frank Starr brought this suit on a policy of insurance issued by appellant on the eighteenth day of October, 1884, in the sum of one thousand dollars, on appellee's restaurant, restaurant supplies, fish stand and fixtures, household goods and wearing apparel.   The policy was for a year, and permitted one thousand dollars concurrent insurance.

A fire occurred on the premises on June 23, 1885, by which appellee alleged that the property insured under the policy was destroyed, and this suit was brought in November, 1885, to recover the amount of the policy.   The value of the insured property alleged to have been destroyed was laid in the petition at four thousand three hundred and eighty-seven dollars.

The defenses interposed by appellant necessary to be considered on this appeal were: That the amount claimed by plaintiff for his loss and damage was far in excess of the cash value of the property claimed to have been destroyed; that the claim was grossly excessive and fraudulent in this, that plaintiff did not have in his possession or on his premises the goods claimed to have been destroyed or damaged; that plaintiff claimed that goods were destroyed that were not destroyed; that the loss did not occur from fire or water, but the loss incurred was by reason of plaintiff's refusal to comply with the terms of the policy, by not taking proper care of the property after the fire; that plaintiff failed and refused to furnish to de-

fendant his books of account or invoices when demanded; that he refused to put his property claimed to have been damaged in a condition to be examined and appraised; that plaintiff had been guilty of fraud, misrepresentation and false swearing, whereby the policy was rendered. void. The trial was by a jury, and verdict and judgment rendered for the amount of the policy.

The first, sixth and seventh assignments of error relate to the charge given and two special charges asked by appellant and refused.

The charge given and complained of was as follows: "If the jury believe that plaintiff has wilfully, and with intent to cheat and defraud defendants, refused to produce vouchers which he had, and has wilfully and corruptly, with a view to obtain damages from the defendant which he knew he had not suffered, and that his testimony and other testimony produced by him was false and corrupt, with a view to defraud defendant, then the plaintiff has forfeited all right to recover under the policy sued on."

The special charges asked and refused were as follows:

"7. If the policy of insurance sued on contains a stipulation that the plaintiff shall, if required, furnish his books of accounts and vouchers, and exhibit the same for examination, and shall also furnish certified copies of all bills and invoices of the property insured and claimed to have been destroyed, the originals of which can not be produced; and if the jury find that the vouchers and invoices and account books, or any or either of them, were demanded by defendant, and plaintiff failed to comply with the demand, and it was possible for him to comply with it, in whole or in part, then you will return a verdict for defendant.

"9. If the jury find from the evidence that the policy of insurance sued on contains a stipulation or agreement, that any fraud, or attempt at fraud, or any misrepresentation in any statement touching the loss, or any false swearing on behalf of the assured, the plaintiff, or his agent, in any examination, or in the proof of loss, or otherwise, shall cause a forfeiture of all claim on this defendant, and the policy shall become wholly void; then, if the jury find from the evidence that there has been any misrepresentation, fraud, or attempt at fraud, or false swearing, or false statements touching the loss, then the jury will return a verdict for the defendant."

The policy contains the following express provisions:

"In no case shall the claim be for a greater sum than the actual damage to, or cash value of the property, at the time of the fire.

"If required, the assured shall produce books of account and other proper vouchers, and exhibit the same for examination, * * * and shall also furnish original or properly certified duplicate invoices of all property hereby insured, whether damaged or not damaged.

"Any fraud, or attempt at fraud, or any false swearing on the part of the assured, shall cause a forfeiture of all claim under this policy."

A policy of insurance on personal property is a contract on the part of the insurer to indemnify the insured to the extent of the loss actually sustained, upon such conditions stated in the contract as are reasonable. A loss being shown, then the prime object of inquiry is the extent of the loss. The amount of the policy is not even prima facie evidence of the extent of the loss, for, by the terms of the contract, strict and particular proof of the extent of damage or amount of loss sustained is required to be made by the insured. If this were not so, unscrupulous agents, more intent on augmenting their income by increased commissions than considerate of the protection and security of their companies, co-operating with speculators in crime, could bankrupt the insurers and greatly increase the dangers to the property of honest persons by encouraging wilful burnings to secure the excessive insurance money.

The provisions of the policy just quoted are the only provisions bearing upon the questions raised under these assignments of error. We do not find in the policy any provision making it void, or denying to the insured the right of recovery, solely upon the ground that he had refused to produce books of account, vouchers, etc., when demanded by the insurer. The means provided by this provision for inquiring as to the amount of property owned by the insured at the time of the fire, is well calculated to greatly assist in arriving at the truth upon that question, and such refusal might with propriety be made the subject of comment to the jury, but the terms and provisions of the policy did not authorize the seventh special charge asked and refused, and we think the court did not err in the ruling complained of under the sixth assignment of error.

So much of the charge given and complained of under the first assignment as required the jury to believe that not only

the testimony of the insured, but "other testimony produced by him was false and corrupt," before the right to recover was forfeited, we think was error.

The parties had expressly agreed in their written contract that "any fraud, or attempt at fraud, or any false swearing on the part of the insured should work a forfeiture of all claim under the policy." This defense had been pleaded by appellant and there was evidence which authorized the submission of that question to the jury, just as stipulated in the contract, and we think appellant was entitled to have it so submitted, without regard to whether or not the other testimony produced by appellee was false and corrupt. The fraud, or attempt at fraud, or false swearing, to cause a forfeiture of all claim under the policy, must have been wilful, and not the result of inadvertance or mistake. It is for the jury to determine whether there has been fraud, attempt at fraud or false swearing upon the part of the insured, and if so, the jury is to determine also whether it was wilful.

If the insured has been guilty of wilful fraud, attempt at fraud or false swearing, the warranty is broken, and all benefits under the policy forfeited. (May on Ins., secs., 156, 477; Wood on Ins., sec. 429; Claflin v. Ins. Co., 110 U. S., Supreme Court, 81; Howard v. Ins. Co., 4 Denio, 508.

The ninth special charge asked and refused, was not a strictly correct charge, as it went beyond both the letter and the spirit of the provision of the contract on which it was founded, but it called the court's attention directly to the error in the charge given, and the court should have corrected the error thus pointed out.

Appellant offered to prove by the witness Wentworth, that at the time the contract of insurance was made, the goods covered by the policy were not worth five hundred dollars. The evidence was objected to "because the witness was at that time in the employ of defendant's agent, and defendant could not now be heard to question the correctness of the matters set forth in the policy."

The objection was sustained and the evidence excluded, and this ruling is assigned as error.

The fact that the witness was an employe of appellant's agents did not affect his competency. If that fact could affect the witness at all it could do so only as to his credibility, and that question was exclusively for the jury.

If we rightly comprehend the second ground of the objection, it was directed against the evidence offered, rather than the witness, and seems to have been predicated upon the theory that the amount of the policy was conclusive, and that the value of the goods could not be inquired into. We have already in this opinion decided against that view, and from what we have said, it follows that the court erred in excluding the testimony of the witness Wentworth.

The tenth assignment of error relates to the ruling of the court in excluding an interrogatory propounded by appellant to its witness Langdron and the answer thereto. The interrogatory was: "Do you believe that plaintiff's demand for recompense for total loss of one thousand dollars on each of two insurance policies on the contents of his restaurant and fish stand is based on a just, honest and fair valuation of the property destroyed? If no, then state your reasons for so believing."

The witness answered: "Most positively, I do not;" and then gave, in a general way, his reasons for the opinion.

The objection was upon the ground that "the witness should testify to what he knew, and not what he believed." We think the court did not err in the ruling here complained of. The interrogatory called for the opinion of the witness, and he gave it. His opinion was not admissible as evidence.

For the errors indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted November 13, 1888.

STAYTON,
*Chief Justice]*