WESTCHESTER FIRE INSURANCE COMPANY v.
WAGNER & CHABOT.

No. 599.

1. **Fire Insurance Policy—Measure of Recovery.**—Where a fire insurance policy provided that the company should not be liable beyond the actual cash value of the property at the time the loss occurred, it was error for the court to instruct the jury to find the amount expressed in the policy.

2. **Same—Forfeiture of Policy—Misstatement as to Interest.**—Where there is a clause in the policy requiring a true statement of the assured's interest in the property, a misstatement by him as to such interest forfeits the policy, in the absence of a waiver on the part of the insurer.

3. **Same—Authority of Agent—Waiver of Condition.**—Where the policy expressly provides that no agent has authority to waive certain conditions therein, the holder of the policy is bound by such limitation of the agent's authority.

ON REHEARING.

4. **Notice—Principal and Agent.**—Notice to an agent can not be imputed to a principal in regard to matters about which it is expressly declared the agent shall have no power to act.

ERROR from Bexar. Tried below before Hon. G. H. NOONAN.

*Swearingen & Brooks*, for plaintiff in error.—1. Where a policy of insurance on personal property provides that the insured shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, the value of the goods at the time they were destroyed must be proven, and the policy itself is not evidence of that fact. Ins. Co. v. Starr, 71 Texas, 736.

2. The provisions in an insurance policy, that it shall be void if the interest of the insured in the property be not truly stated therein, is valid and binding, and operates to defeat the policy when not complied with, unless a waiver of the same be shown by defendant company, or by an agent acting within the scope of his authority. Ins. Co. v. Camp, 64 Texas, 521; Goddard v. Ins. Co., 67 Texas, 71; Chase v. Ins. Co., 20 N. Y., 52; Lasher v. Ins. Co., 86 N. Y., 423; Fuller v. Ins. Co., 61 Iowa, 350; 16 N. W. Rep., 273; Walker v. Ins. Co., 10 Fed. Rep., 232.

3. Where a policy of insurance contains a provision limiting the powers of an agent in regard to waiving the provisions of said policy, a party accepting the same has notice of said limitation on said agent's authority, and facts communicated by him to said agent in regard thereto are not binding on the company so as to constitute a waiver of such provisions, as said policy stipulates that such agent shall have no power to waive. Fitzmaurice v. Ins. Co., 84 Texas, 61; Bank v. Ins. Co., 62 Texas, 461; Goddard v. Ins. Co., 67 Texas, 71; Morrison v. Ins. Co., 69 Texas, 363; 2 May on Ins., sec. 487; 2 Wood on Ins., sec. 417, p. 863; Ins. Co. v. Fletcher, 117 U. S., 519; Globe v. Ins. Co., 95 U. S., 329; Ins. Co. v. Norton, 96 U. S., 240; Chase v. Ins.

Co., 20 N. Y., 52; Marvin v. Ins. Co., 89 N. Y., 278; Quinlan v. Ins. Co., 133 N. Y., 356; Porter v. Ins. Co., 35 N. E. Rep. (Mass., 1893), 679; Cleaver v. Ins. Co., 32 N. W. Rep., 661; Carey v. Ins. Co., 54 N. W. Rep. (Wis.), 18; Herbst v. Low, 65 Wis., 321; Hankins v. Ins. Co., 35 N. W. Rep., 3; Fuller v. Ins. Co., 36 Iowa, 599; Enos v. Ins. Co. (Cal.), 8 Pac. Rep., 379; Gladding v. Assn., 4 Pac. Rep., 764; Catoir v. Ins. Co., 33 N. J., 487; Swayne v. Ins. Co., 49 Mo. App., 425.

*Wright & Summerlin,* for defendants in error.—Notwithstanding the restrictions in an insurance policy as to the power of an agent, if the act is within the scope of the authority of the agent at the time it is done, it will be binding upon the corporation, without reference to its conformity to restrictions contained in the policy. Morrison v. Ins. Co., 69 Texas, 353; Ins. Co. v. Lee, 73 Texas, 641; Ins. Co. v. Malevinsky, 24 S. W. Rep., 804; Ins. Co. v. Wilkinson, 13 Wall. (U. S.), 222; Whited v. Ins. Co., 32 Am. Rep., 330.

FLY, ASSOCIATE JUSTICE.—Appellees instituted this suit, and alleged in their petition that appellant had insured them in the sum of $2000 against loss from the destruction of a certain stock of goods that had been destroyed by fire; that the goods belonged to Kloak Bros. & Co., of Cincinnati, Ohio, and that appellees had been holding them on consignment and selling them in consideration of a certain per cent of the profits. It was also alleged, that the goods had been insured as the property of appellees, but that the agent of appellant had been informed, when the contract of insurance was executed, that the property did not belong to appellees, but was the property of Kloak Bros. & Co., and that appellees were selling the same on commission. The policy was attached as an exhibit to the petition. The petition was excepted to, as showing on its face that the policy was void by reason of the true interest of appellees in the goods not being stated therein, the terms of the policy showing, that it was expressly provided that the agent should not have authority to waive the provision in regard to the interest of the assured in the property. The authority of the agent to waive the provision was specially denied in the answer. The exceptions were overruled, and the case was tried by a jury and a verdict rendered in favor of appellees for $2000.

The policy provides, that the insurance company "shall not be liable beyond the actual cash value of the property" at the time the loss occurred. We think it was error to give the special charge requested by appellees, wherein the jury were instructed to find for the appellees for the amount expressed in the policy. This was in effect an instruction to disregard any proof that may have been made as to the actual value of the goods that were destroyed by fire. Ins. Co. v. Starr, 71 Texas, 733.

In the policy of insurance is found the following clause: "This entire policy shall be void if  *  *  *  the interest of the insured in the property be not truly stated herein." As said by the Supreme Court of Pennsylvania, in passing upon a clause in the same language: "This clause is not without force. Its meaning is apparent. Its object is to enable the insurance company to know who it is insuring." Diffenbaugh v. Ins. Co., 24 Atl. Rep., 745. Where there is a clause in the policy requiring a true statement of the assured's interest in the property, it works a forfeiture of the policy, in the absence of a waiver upon the part of the insurer.

It is admitted by appellees that the property, although insured as belonging to them, was not in reality theirs, but the property of Kloak Bros. & Co., of Cincinnati. The property had been placed by the owners with appellees for sale, and their interest in the property was contingent upon a sale, and while admitting the force of the proposition that they can only recover upon proof of a waiver of the clause in the contract, yet they insist that the agent of appellant was informed of the exact status of their connection with the property before and at the time of the execution of the contract, and that his principal is estopped from setting up a forfeiture of the policy.

It is provided in the policy, that it "is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written." The object of this clause is to define and limit the powers and authority of the agent, and to prescribe the subjects about which he shall and shall not have authority to waive the provisions of the policy, and to set forth the manner in which he shall indicate his waiver in connection with those subjects over which he is given this power. It is clear that no authority is given in the policy to the agent to waive the requirement that the insured shall state their true interest in the property, but on the other hand it is expressly provided, that he shall not have authority "to waive any provision or condition of the policy except such as by the terms of the policy may be the subject of agreement." The clause in regard to the statement of the interest of the insured in the property is not of this class. According, then, to the contract entered into between the parties, the policy was rendered void by the failure of the insured to make known their true interest in the property, and they were duly notified that the stipulation in question could not be waived

by the agent of the insurer.   We can see no difference in the binding
force and effect to be given a contract in any ordinary case and one of
insurance, and where the policy expressly provides that no agent has
authority to waive certain conditions or stipulations therein, the holder
of the policy is bound by such limitation of the agent's authority.
The proposition is supported by the weight and logic of the adjudi-
cated cases.   Quinlan v. Ins. Co., 31 N. E. Rep., 31 (133 N. Y., 356);
O'Brien v. Ins. Co. (N. Y.), 31 N. E. Rep., 265; Moore v. Ins. Co., 36
N. E. Rep., 191; Kirkman v. Ins. Co. (Iowa), 57 N. W. Rep., 952;
Cleaver v. Ins. Co. (Mich.), 32 N. W. Rep., 660; Hankins v. Ins. Co.
(Wis.), 35 N. W. Rep., 34; Herbst v. Lowe (Wis.), 26 N. W. Rep., 751;
Merserean v. Ins. Co., 66 N. Y., 274; Marvin v. Ins. Co., 85 N. Y.,
278; O'Reilly v. Ins. Co., 101 N. Y., 575; Kyte v. Ins. Co., 144 Mass.,
43; McIntyre v. Ins. Co. (Mich.), 17 N. W. Rep., 781; Enos v. Ins.
Co. (Cal.), 8 Pac. Rep., 379.

In the Hankins case, above cited, the Supreme Court of Wiscon-
sin says:   "We must hold, that when the assured has accepted a policy
containing a clause prohibiting the waiver of any of its provisions by
the local agent he is bound by such inhibition, and that any subse-
quently attempted waiver merely by virtue of such agency is a nullity."

The court of last resort in New York has, in the Quinlan case, above
cited, in a clear and logical opinion expressed the views entertained
by this court on the question.   It says:   "The powers possessed by
agents of insurance companies, like those of agents of any other cor-
porations, or of an individual principal, are to be interpreted in ac-
cordance with the general law of agency.   No other or different rule
is to be applied to a contract of insurance than is applied to other
contracts.   The agent of an insurance company possesses such powers,
and such powers only, as have been conferred verbally or by the instru-
ment of authorization, or such as third persons have a right to assume
that he possesses.   Where the act or representation of the agent of an
insurance company is alleged as the act of the principal, and therefore
binding upon the latter, the test of the liability of the principal is the
same as in other cases of agency.   No principle is better settled in the
law, nor is there any founded upon more obvious justice, than that if
a person dealing with an agent knows that he is acting under a cir-
cumscribed and limited authority, and that his act is outside of and
transcends the authority conferred, the principal is not bound, and it
is immaterial whether the agent is a general or special one, because a
principal may limit the authority of the one as well as that of the
other."

This statement of the law is sustained by a number of the courts of
the different States, and our attention has not been called to a single
authority that holds that an agent has the power to waive a condition
in a policy of insurance which the policy expressly provides shall not
be waived by him.   Where the restrictions upon the power and au-
thority of the agent are plainly stated, and the proof does not indicate

an enlargement of his powers, there can be no reason why the authority given in the policy should not be the measure of his full authority to bind his principal.   Fitzmaurice v. Ins. Co., 84 Texas, 61.   Appellees entered into the contract voluntarily, and they knew or were required to know its terms and conditions, and they are bound by them. Ins. Co. v. Kempner (Texas Supreme Court), 27 S. W. Rep., 122.

There is nothing whatever that tends to show that appellant had the least intimation previous to the time, when it was made known to the adjuster after the fire, that the ownership of the property was other than that expressed in the policy.

Notice to the agent with circumscribed special authority was not notice on matters about which it was provided that he should not have the power of waiver, and in regard to such matters, to raise an estoppel against the principal, it would be necessary to prove that he had been actually notified of the act of waiver on the part of the agent, and had in some manner indorsed or ratified it.

None of the Texas cases cited by appellees passed directly upon the point discussed in this opinion, but seem to have dealt with the manner of executing powers that had been granted to the agent.   On the question of the manner of execution of delegated authority, it would seem that the Texas cases are in conflict with the weight of authority in this country, but upon this question it is unnecessary for this court to express an opinion at this time.

There are some other Texas cases, however, among the number Insurance Company v. Ende, 65 Texas, 118, and Insurance Company v. Camp, 71 Texas, 503, in which it was held that the clause in regard to ownership could be waived by an agent, but in none of those cases was it shown that there was a clause denying the authority of the agent to waive the clause, and that question does not enter into the decisions.

The judgment will be reversed, and the cause remanded,

*Reversed and remanded.*

Delivered April 24, 1895.

ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—It is insisted that the opinion of this court is in conflict with the opinion in Morrison v. Insurance Company, 69 Texas, 353; but we think not.   In the Morrison case, it was admitted that the agent had authority to grant permission in writing to the insured to obtain further insurance, the only question at issue being the manner in which that permission was evidenced.   The policy required that it be in writing indorsed on the policy, and the agent had not done this.   While the opinion holds that the verbal permission of the agent would be sufficient to raise an estoppel against the insurance company, still it is reiterated that the basis of the decision is, that the agent had the authority to give the permission to obtain other insurance, and that having this power his act was that of the

company, when it had been acted and relied upon by the insured.   In the same case, it is held that insurance contracts do not furnish exceptions to the rule, that "every person having capacity to make a contract, in the absence of fraud, misrepresentation, or concealment, must be held to have known their meaning, and he must also be held to have known and fully comprehended the legal effect of the contract which the words used made."

In the case of Insurance Company v. Lee, 73 Texas, 641, we see nothing that was necessary to the decision that is in conflict with the opinion of this court.   As in the Morrison case, the insurer was held to be estopped by a failure to repudiate the action of its agent, which presupposes notice upon the part of the company, because the agent had acted within the scope of his authority.   Says the court:   "If the act is within the scope of the authority of the agent at the time, it will be binding upon the corporation, without reference to its restrictions contained in the policy."   The restrictions referred to must apply to the manner of execution of powers conferred on the agent, as is shown by the quotation from the Morrison case, which immediately follows the above language.   In both the Morrison and Lee cases the decisions are predicated upon the proposition that the agent was acting within the scope of his authority, and that in such cases notice to him was notice to his principal.   It would be subversive of one of the fundamental principles governing the law of agency to hold, that when notice of the authority conferred upon an agent is given in writing, persons dealing with him could claim notice to the principal through the agent in regard to matters about which it is expressly declared that he shall not have power to act.

The question as to whether notice to the agent is notice to the principal, must depend upon the nature and extent of the agency.   Wade on Notice, sec. 674.

The case of Insurance Company v. Josey (Texas Civil Appeals), 25 Southwestern Reporter, 685, at first glance would seem to be in conflict with this principle, but in that case, the point as to a clause in the policy expressly prohibiting the waiver of the clause as to ownership of the property by the agent was not raised.

The motion for rehearing is overruled.

                                        *Overruled.*

Delivered May 15, 1895.