**LIVERPOOL & LONDON & GLOBE INS. CO. v. CABLER.     (No. 203.)**

(Court of Civil Appeals of Texas.     Waco. April 2, 1925.)

1. **Judgment ⬉256(2)—Court may disregard immaterial finding but not material findings on special issues.**

Court having submitted special issues to jury may, in rendering judgment, disregard immaterial finding, but cannot disregard material findings on ground there is no evidence raising issue, or that issue is not supported by evidence, or that evidence undisputably establishes fact contrary to the findings of the jury.

2. **Judgment ⬉256(2)—Court must render judgment on all material findings on special issues, or set aside all findings and grant new trial.**

The court having submitted special issues to jury must render judgment on all material findings, or set aside all such findings and grant a new trial.

3. **Appeal and error ⬉672—Disregard of some material findings on special issues is fundamental error.**

Disregard of some material findings and rendition of judgment on other material findings on special issues is fundamental error, under Rev. St. arts. 1986, 1990.

4. **Trial ⬉142—Court may refuse to peremptorily instruct jury to find fact established by undisputable evidence, and may find fact himself and base judgment thereon.**

Trial court, on finding that a fact is established by undisputable evidence, may, under Rev. St. art. 1971, refuse to peremptorily instruct jury to find such fact, and may proceed to find such fact himself and base judgment thereon.

5. **Appeal and error ⬉218(2)—Findings on special issues conclusive on appeal, where neither party objected to submission or findings and both claimed judgment thereon.**

Where neither plaintiff nor defendant objected to special issues submitted or to findings of jury thereon, and both asked for judgment on findings, the findings are conclusive on appeal, in absence of assignments of error attaching sufficiency of evidence to support them.

6. **Insurance ⬉145(2)—Agent's agreement to renew policy contrary to instructions not binding.**

Agent's agreement to renew policy was not binding on insurance company, where he had been instructed not to write insurance on property such as that involved, without approval of home office, and, as found by jury he had no apparent authority to make contract to renew policy.

7. **Insurance ⬉145(2)—Agent's agreement to renew in some good company not binding on any company.**

Agreement by insurance agent representing several companies to renew a policy was not binding on any company, where it was the understanding that he might issue new policy in any good company, and no company had ever been designated.

Error from District Court, Bosque County; Irwin T. Ward, Judge.

Action by C. D. Cabler against the Liverpool & London & Globe Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

Locke & Locke and Ralph Randolph, all of Dallas, for plaintiff in error.

J. P. Word and H. J. Cureton, both of Meridian, for defendant in error.

### Statement.

STANFORD, J. On January 26, 1919, the Liverpool & London & Globe Insurance Company, hereinafter referred to as the insurance company, through Roy Bounds, its local agent at Meridian, Tex., issued an insurance policy to L. F. Hightower, covering his farmhouse, situated about 2 miles from Meridian, in the sum of $1,200, and $800 on his household goods and grain, for a period of 3 years; said policy expiring January 26, 1922. On June 2, 1921, Hightower sold said property to R. L. King, and said insurance policy was duly transferred to King, and on October 1, 1921, R. L. King sold said property to C. D. Cabler, and said policy was duly transferred to Cabler; both of said transfers being made by John A. Cochran as agent of the insurance company, the said Cochran having been duly appointed as such local agent in place of Roy Bounds on April 1, 1919. There was a total destruction of the property by fire on March 27, 1922. This suit was filed by C. D. Cabler on August 13, 1923, and recovery sought upon an alleged oral agreement made by John A. Cochran, as agent for the insurance company, with him, about 10 days before said policy expired, to the effect that the said Cochran, as such agent, would renew said policy, increasing the amount of same from $2,000 to $2,750.

The trial court submitted the case to the jury on special issues, which issues and the answers of the jury thereto are as follows:

"No. 1: Did C. D. Cabler have an agreement and understanding with John A. Cochran that he (John A. Cochran) would renew policy, issued to L. F. Hightower and transferred to said Cabler, for C. D. Cabler? Answer: Yes.

"No. 2: Did John A. Cochran have apparent authority as agent for the defendant insurance company to make such agreement, if you find any was made? Answer: No.

"No. 3: Did the plaintiff, C. D. Cabler, rely upon the statements of John A. Cochran, if any was made, that said insurance policy would be renewed? Answer: No.

"No. 4: If you have answered question No. 1 in the affirmative, then please state whether it was the understanding and agreement between C. D. Cabler and J. A. Cochran that said Cochran might issue the proposed policy in any good company which he, the said J. A. Cochran, represented? Answer: Yes.

"No. 5: Had J. A. Cochran prior to February 11, 1922, received instruction from the defendant insurance company not to write or agree to write any contract of insurance on farm property similar to plaintiff's, without first obtaining a written application from the insured and forwarding the same to the company's home office for approval or rejection? Answer: Yes."

On the above findings, the court entered judgment for said C. D. Cabler.

### Opinion.

[1-3] Plaintiff in error presents two assignments, assigning error on the part of the trial court in rendering judgment for the plaintiff and in refusing to render judgment for defendant. It is the contention of defendant in error that the answer of the jury to the first special issue required the rendition of judgment for him, and that the other issues were not raised by any evidence, and that the supposed issuable facts therein submitted were indisputably established by the evidence in favor of the defendant in error, and so the findings to said other issues were properly disregarded by the court in the rendition of judgment. It seems to be the well-settled rule of law in this state that, where the trial court has decided that the evidence in a case raises certain material issues of fact, and submits such issues of fact in the form of special issues to the jury for their determination, and the jury have returned their findings, the court, in rendering judgment, may disregard any immaterial finding; but the court cannot disregard any findings that are material, on the ground that there is no evidence raising such issue, or that such issue is not supported by the evidence, or that the evidence indisputably establishes a fact contrary to the findings of the jury. The trial court must either render judgment on all of said material findings, or set aside all of said findings and grant a new trial. The trial court is not at liberty to set aside a part of said material findings and render judgment on the remaining ones, nor is he at liberty to disregard, on any ground, any material finding in rendering judgment, and it is fundamental error for him to do so. Revised Statutes, arts. 1986, 1990; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Henne & Myer v. Moultrie, 97 Tex. 216, 77 S. W. 607; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Kendrick v. Polk (Tex. Civ. App.) 225 S. W. 826; Lemm v. Miller (Tex. Civ. App.) 245 S. W. 90; First State Bank Ins. Co. v. Burwick (Tex. Civ. App.) 193 S. W. 165; Taylor v. Davis (Tex. Civ. App.) 234 S. W. 104.

[4, 5] The leading case cited by appellee (American Surety Co. v. Hill County [Tex. Civ. App.] 254 S. W. 241) does not hold differently from the cases cited above. In this last-mentioned case, and the other cases there cited, it is held that, where the trial court finds that a fact is established by indisputable evidence, it is not error for him to refuse to peremptorily instruct the jury to find said fact, and to proceed to find said fact himself and base his judgment thereon. We think the holding in the American Surety Co. v. Hill County Case (Tex. Civ. App.) 254 S. W. 241, and cases there cited, is correct on the question there involved, for it is in harmony with the provisions of article 1971 of the Revised Statutes. But this presents quite a different question from one where the court invokes a finding of the jury on a supposed issue of fact, and then undertakes to ignore such finding in render-

ing judgment. In this case neither side made any objection to the special issues submitted. Neither side made any objections to the findings of the jury. Both sides asked and claimed the right to a judgment on such findings. The above being true, and there being no assignment questioning the sufficiency of the evidence to support said findings, such findings are conclusive on the parties to this cause and also on this court, and the only question for us to determine is, Who is entitled to judgment on said established facts?

[6] In answer to the first issue the jury found that the assured did have an agreement with John A. Cochran to renew the policy in question. In answer to the fifth issue, the jury found that, prior to February 11, 1922, the date said agreement to renew was made, John A. Cochran had been instructed not to insure farm property without first taking a written application and submitting it to the company's home office for approval. Under the admitted facts and the theory on which the case was tried, this last finding established the fact that Cochran, as agent for the insurance company, had no actual authority to make the agreement to renew. The answer to the second special issue established the fact that Cochran had no apparent authority as agent for said insurance company to make said agreement to renew. So, if we construe the answer to the first special issue to mean that Cochran, as agent of plaintiff in error, did make the agreement to renew, as the answers to the fifth and second special issues establish that he, as such agent, had neither actual nor apparent authority to make such agreement, such agreement, if made by him on behalf of plaintiff in error, was in no way binding and could not authorize a judgment against plaintiff in error. McLeary v. Oriental Ins. Co. (Tex. Civ. App.) 32 S. W. 583; Northwestern Nat. Ins. Co. v. Mize (Tex. Civ. App.) 34 S. W. 670; Quinland v. Provident Washington Ins. Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645; Westchester Fire Ins. Co. v. Wagner, 10 Tex. Civ. App. 398, 30 S. W. 959.

Again the finding to the first issue is, in substance, that defendant in error did have the agreement with Cochran to renew said insurance. If this finding stood alone, the presumption might be that it was to be rewritten in the same company, but in answer to the fourth issue the jury found said agreement was, in effect, that Cochran might issue it in any good company he might represent. This being true, and Cochran representing several companies, as shown by all the evidence, said agreement was in fact only an agreement between Cabler and Cochran that he (Cochran) would rewrite the insurance in some good company, to be selected, and, he never having designated any company, then no company was bound. Grimes v. Virginia Fire & Marine Ins. Co. (Tex. Civ. App.) 218 S. W. 810, and cases there cited.

[7] All of the findings of the jury are material, and, taken together, they amount to a finding that defendant in error had an agreement with John A. Cochran to renew said insurance policy in some one of the companies Cochran represented, but that the said Cochran had no actual or apparent authority to make said agreement as agent for plaintiff in error, and that C. D. Cabler did not rely upon said agreement. As we view the verdict of the jury, under no view of the case did said findings authorize a judgment for defendant in error. As the special findings of the jury in this case stand before us unimpeached and approved by both sides, in that neither side objected to any of said special issues nor to the answers of the jury thereto, and both sides approved said findings by asking for judgment on said findings, and said findings not authorizing a judgment for defendant in error, it becomes our duty, however much it may be against our inclination, to reverse this cause and render same. Article 1626, Revised Statutes; Lemm et al. v. Miller et al. (Tex. Civ. App.) 245 S. W. 90; McWhorter v. Langley (Tex. Civ. App.) 220 S. W. 364; Buster v. Warren, 35 Tex. Civ. App. 644, 80 S. W. 1063.

We sustain the assignments of error of plaintiff in error, and reverse and render judgment in its favor.