UNITED STATES FIDELITY & GUARANTY CO. v. TAYLOR et al.  (No. 2467.)

(Court of Civil Appeals of Texas. Amarillo. April 15, 1925. Rehearing Denied May 27, 1925.)

Insurance ⬅️385—Verbal waiver by insurer's soliciting agent of removal of insured jewelry from address given in policy held not to bind insurer.

Verbal waiver, by insurer's soliciting agent, of removal from the address given in policy of jewelry insured against burglary, under a policy providing against waiver or alteration of conditions or statement therein except by indorsement executed by officer of insurer, *held* not to bind insurer, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 4955, 4959, 4968; article 4961 not applying.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by Roy A. Taylor and others against the United States Fidelity & Guaranty Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

See, also, 253 S. W. 1109.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, for appellees.

HALL, C. J. This is a suit by Roy A. Taylor upon a burglary insurance policy to re-

cover the face value thereof in the sum of $5,000. The policy was issued by the appellant company, defendant in the court below, on the 19th day of January, 1920, in consideration of a premium of $79. The policy is attached to and made an exhibit to the petition.

Plaintiff alleges that the jewelry insured was located at 508 Scott street, Wichita Falls, Tex., and that after the issuance of the policy the plaintiff and his wife moved from 508 Scott street to the Westland Hotel in Wichita Falls, and that the hotel was their place of residence at the time of the loss of the property. It is also alleged that the property, which consisted of valuable jewelry, was taken from the cash register in the hotel office about 3 o'clock a. m. November 10, 1921, following a raid by officers of the law, who said they were looking for whisky.

Attached to the policy is a rider which recites that, in consideration of $35.25 additional, it is agreed that $5,000 insurance under the policy should be extended to cover loss from highway robbery by force or violence, of money not exceeding $50 and watches, jewelry, etc., from the person of any one insured under the rider, while wearing or carrying the same anywhere in the United States or Canada, subject however, to all the agreements of the policy. Plaintiff also alleges that this rider was attached to the policy after the appellees moved to the Westland Hotel; that after they had removed the property and jewelry described in said policy from 508 Scott street to the hotel, the defendant company, through its agent, J. C. Wynne, called upon plaintiff's wife, at her request, some time during the summer of 1920, and issued the highway robbery rider above described, and attached it to the original policy; that she paid the additional sum of $35.25 premium when the rider was attached; that she then and there informed Wynne that they had moved their residence from 508 Scott street to the Westland Hotel, and that the insured property was then situated in the hotel; that the said agent, Wynne, at that time informed her that it was all right to move the jewelry to the hotel, and in the event of a loss occurring in the way provided for in the policy, the company would pay the loss the same as if it had occurred at 508 Scott street, and that it would be all right to make the rider as of the same date of the original policy, and let it cover the property as if it was located at 508 Scott street; that Mrs. Taylor believed the representations made by defendant through its agent and relied thereon; that said representations were made for the purpose of inducing the plaintiff to accept the rider and pay the premium therefor.

The appellant company answered by general demurrer, certain special exceptions, gen-

eral denial, and denied specially its liability under the provisions of the policy; that the property insured was located at 508 Scott street in premises represented to be a private residence; that the loss did not occur at 508 Scott street, but at the Westland Hotel, at a place which was not covered by the provisions of the policy. The appellant further pleaded the provision of the policy in clause 10 thereof, as follows:

"No condition or statement herein shall be waived or altered except by indorsement executed by an officer of the insurer. No agent or other person shall have the right to effect a waiver or a change thereof."

It specially denied that Wynne, a solicitor for its agents, had any authority to waive or alter the provisions of the policy, and denied the authority of any other person to waive any provisions except in the manner provided in said clause 10 thereof. Numerous cases are cited by appellant sustaining the proposition that the act of appellee in moving the jewelry from his private residence at 508 Scott street to the Westland Hotel was such a breach of the contract as forfeited the policy. U. S. Fidelity & Guaranty Co. v. Taylor (Tex. Civ. App.) 253 S. W. 1109, and authorities there cited; Fitzmaurice v. Mutual Life Ins. Co., 84 Tex. 61, 19 S. W. 301; Insurance Co. v. Wagner, 10 Tex. Civ. App. 398, 30 S. W. 959; Northwestern Nat. Life Ins. Co. v. Evans (Tex. Civ. App.) 214 S. W. 598; Kasch v. Williams (Tex. Civ. App.) 251 S. W. 818.

The exact question presented in this connection by the pleadings and evidence is: Has the insurer, under clause 10, with knowledge of the facts which would work a forfeiture if insisted upon, promptly done or said anything which is in law a waiver of or will estop it from insisting upon a forfeiture after the loss? V. S. C. S. art. 4959, provides that contracts of insurance made in this state are governed by the laws of Texas relating to insurance. V. S. C. S. art. 4968, provides:

"Any person who shall solicit an application for insurance upon the life of another shall in any controversy between the assured and his beneficiary and the company issuing any policy upon such application be regarded as the agent of the company, and not the agent of the insured, but such agent shall not have the power to waive, change or alter any of the terms or conditions of the application or policy."

This article is part of the Acts of the Legislature of 1909, page 192, § 18. It was shown by the testimony of Mrs. Taylor that, after plaintiff moved from 508 Scott street to make his home in the Westland Hotel, to which place they carried the property in question, she wanted additional insurance to protect the jewelry, some of which was in Mr. Taylor's possession, at the time in California, against highway robbery; that a highway robbery rider was prepared by the agent,

273 S.W.—21

Wynne, and attached to the policy at the hotel. She says she called his attention to the fact that they were no longer living at 508 Scott street when she paid him $35.25 premium for the rider. He assured her that the property would still be protected by the policy in its then condition, notwithstanding the removal from their private residence to the hotel. It does not appear that any officer of the company ever had knowledge of the fact of removal, or that the provisions of clause 10 were attempted to be waived by any other person than Wynne. The appellee insists that, under the provisions of V. S. C. S. art. 4961, Wynne was authorized to waive that condition of the policy, a breach of which had, in effect, relieved the insurer of liability. This contention would be sound if article 4961 applied to cases of this character. Several cases by Courts of Civil Appeals have applied such article to cases of this character, holding that soliciting agents and agents authorized to receive and collect premiums could waive the breaches of similar conditions in insurance policies. These cases, however, have been decided without reference to what was said by Judge Brown in Hartford Fire Ins. Co. v. Walker, 94 Tex. 473, 61 S. W. 711, reversing the Court of Civil Appeals in that case in 60 S. W. 820. Judge Brown discusses the history of that article, which was article 3093 in the Revised Statutes of 1895. As there codified, it is shown to be a portion of the Acts of 1879, S. S. p. 32. Without change of language, it was incorporated in the Revised Statutes of 1911, and is a part of chapter 15, setting out the general provisions relating to insurance. Judge Brown holds that, under the act authorizing the revision of the laws in 1911, which required the codifiers to include former laws without making radical changes thereof, that the article in question, notwithstanding its position in the Code of 1911, is limited in its operation to the "liabilities, duties, and penalties" referred to in the Act of 1879; and since that act relates to an entirely different subject, its provisions cannot be extended to authorize a mere agent to waive a material condition such as we have under consideration in the instant case.

We have not been able to find that the Supreme Court has in any way modified its holding in the Walker Case. The rule there announced has been reaffirmed by Courts of Civil Appeals in Delaware Insurance Co. v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867; National Life & Accident Ins. Co. v. Reams (Tex. Civ. App.) 197 S. W. 332; Dunken v. Ætna Life Ins. Co. (Tex. Civ. App.) 221 S. W. 696. Article 4955 is:

"All the provisions of the laws of this state applicable to the life, fire, marine, inland, lightning, or tornado insurance companies, shall, so far as the same are applicable, govern and apply to all companies transacting any other kind

of insurance business in this state, so far as they are not in conflict with provisions of law made specially applicable thereto."

We therefore hold that article 4968 governs the rights of the parties under the evidence in the record, and the judgment is reversed, and is here rendered for the appellant.