## J. C. WILBER v. GUS. J. KRAY & Co.

### No. 6284.

1. **Mortgage.**—A chattel mortgage of a stock of goods which by its terms provides that the mortgagor shall retain possession of them and expose and sell them at retail, replenishing the stock by purchase, on credit from time to time, from the mortgagee and accounting to him for their cost and a former indebtedness, is as to creditors void.

2. **Trial of Right of Property.**—A mortgagee out of possession can not assert claim to property levied on by execution in the manner provided by statute for trial of right of property. By his affidavit and bond the claimant asserts absolute title to the property and is estopped from attempting to hold it under a mere lien.

3. **Fact Case.**—See opinion for an instrument construed and held to be a mortgage the legal effect of which could not be changed by parol evidence.

4. **Verdict.**—In a proceeding under the statute for the trial of the right of property a general verdict "for the plaintiff" or "for the defendant" is sufficient, though if the verdict be for the plaintiff for a specific amount as principal debt and also designates the amount due as interest and costs and the value of the property seized under execution, it is a sufficient determination of the issues in favor of the plaintiff. If the verdict finds the amount for which the claimant and his sureties are bound, that being fixed by law, it will be treated as surplusage but will not vitiate.

5. **Same.**—In a trial of the right of property under the statute, when the property has been seized under execution and the verdict is for the judgment creditor, judgment should be rendered against the claimant and his sureties for the value of the property with legal interest thereon from the date of the bond and ten per cent damages for the amount claimed in the writ, when that amount is less than the value of the property. If the judgment be only for the debt, with interests and costs, it is not error of which the claimant can complain.

6. **Practice in Supreme Court.**—When under the evidence it is manifest that a judgment has been rendered for a less amount than the appellee is entitled to, it will not be reversed for errors in the proceedings on the trial.

ERROR from Johnson.    Tried below before Hon. J. M. Hall.

On the 8th day of May, 1884, defendant in error caused an execution to be levied upon the goods in question by the sheriff of Johnson County, and by him valued at $1625.65, as the property of one H. Horton, defendant in execution, to satisfy a debt or judgment for the sum of $124.06, interest and cost.

On the 19th day of May, 1884, J. C. Wilber, defendant in error, made affidavit and gave bond claiming the property as his, which bond and affidavit were filed in the District Court of Johnson County on October 30, 1884.

On November 13, 1884, under direction of the court, defendant in error filed his tender of issue, alleging in substance that Gus. Kray & Co. were residents of Galveston, Texas; that on April 7, 1884, he recovered judgment in a Justice Court of Galveston against H. Horton for $124.06, eight per cent interest thereon, and $5.60 costs; that execution issued thereon April 18, 1884, and that same was levied upon the goods in question by sheriff of Johnson County as the property of H. Horton and while in his possession, and that same was his property and subject to execution, etc., with prayer for judgment.

On 26th of November the plaintiff in error, J. C. Wilber, filed his answer, in which he pleaded general denial, and further that at the time of the levy the goods in question were in the possession of defendant in the town of Cleburne; that same was his property and was in the hands of H. Horton as defendant's agent, for sale, etc. Upon the trial the jury found the goods subject to the levy, and further found for plaintiff and against defendant and the sureties on his claim bond a verdict for the amount of execution, interest, damage, and costs $159.92, Judgment was rendered accordingly.

*Geo. D. Green*, for plaintiff in error.—1. The court erred in construing

the instrument offered in evidence from Horton & Hays to defendant to be a mortgage, because the same was a bill of sale to the goods and conveyed the title to said goods to Wilber.

2. The court erred in the charge in the character of verdict it told the jury to render for plaintiff in the event the jury find for the plaintiff, because the only issue in the case was the property subject to a levy of plaintiff's execution.

3. The court erred in rendering judgment upon the verdict of the jury in this case, because said verdict and the judgment thereon are not responsive to the issue tendered and sustained by the evidence. The plaintiff in his pleadings can only ask under the law that the property levied upon be declared subject to his debt, as the law does not authorize a judgment against the defendant for the amount of his claim, or in other words the defendant is not substituted as the debtor of the plaintiff simply by defendants' claim to property levied upon. The judgment should be against the property and not the person. Rev. Stats., arts. 4832–4845.

*Poindexter & Paddleford,* for defendants in error.—The claim of the plaintiff in error, J. C. Wilber, to the goods in question being that of a mortgagee out of possession, he could not assert title or claim to the goods in question under the statute for the trial of the right of property, and therefore he has no standing in this court, and the judgment of the court below should be affirmed without regard to the form of verdict or judgment in the court below. Garrity & Huey v. Thompson, 64 Texas, 597; Erwin v. Blanks, 60 Texas, 583.

GAINES, ASSOCIATE JUSTICE.—The appellees being judgment creditors of one H. Horton, caused an execution to be levied upon a certain stock of jewelry, watches, etc., as the property of the defendant in execution. The plaintiff in error delivered to the sheriff a claimant's oath and bond under the statute, which were returned to the District Court of Johnson County, where a trial of the right of property was had which resulted in the judgment from which this writ of error was prosecuted.

In the issues made up under the direction of the court the plaintiff in error claimed that the goods were his property and were in possession of Horton & Hays as his "agents or consignees." The sheriff testified that when he made the levy he found the goods in possession of Horton, who had them in store, exposing them to sale in the usual course of retail trade. In order to show title in himself the claimant introduced in evidence an instrument in writing, of the body of which the following is a copy:

"Whereas, H. Horton and A. P. Hays, under the firm name of Horton & Hays, are doing business in the State of Texas, with one store in the

town of Decatur and one store in the town of Cleburne, said business being that of jewelry, and said firm is justly indebted to one J. C. Wilber for the purchase price of the stock now on hand in said stores, said J. C. Wilber residing in the city, county, and State of New York, said indebtedness being the sum of five hundred dollars; and whereas said stock of goods is wholly insufficient in quantity and quality to meet the present and growing demands of trade at the places aforesaid, and neither of the said firm have the means or credit to meet said demand in the way of replenishing said stocks. Now, therefore, these presents are to show that for the purpose of securing to the said Wilber that which we now owe him and the further advancement of stock to us by him we make and deliver to him the following, viz., that is to say, we the said firm bargain and sell unto the said J. C. Wilber the following described personal property, all that stock of goods mentioned in exhibits 'A' and 'B,' which are hereto attached and made a part of this instrument, also all the stock which said firm may hereafter purchase from said Wilber, said stock being situated in the towns aforesaid in Texas. That is to say, the said firm may sell said goods so purchased and to be purchased in their own name, rendering to the said Wilber at any time upon demand a true and perfect account of such sale or sales, and after deducting the profits arising from said sales to render and pay the balance to the said J. C. Wilber; provided always that the title in said goods shall vest in said Wilber until the said firm shall have paid all the purchase money. Under these conditions the said firm shall be permitted to remain in quiet and peaceable possession of said goods until they make default in any of the terms of this mortgage, or in the event that said stock should be threatened by any process of law from any third party, then the said Wilber shall be at liberty to take possession of all said stocks, and dispose of the same according to his discretion, and pay himself from the proceeds of said sale. This agreement shall continue and be binding for one whole year from the 14th day of March, A. D. 1884."

The instrument was signed by Horton & Hays, duly acknowledged, and was registered as a chattel mortgage. It was evidently contemplated by this contract that the goods should be exposed to sale by retail in the ordinary manner, and the testimony shows that this was done from the time of its execution until the date of the levy. Hence if the instrument under consideration is to be construed as a mortgage it is void under our statutes. Bank v. Lovenberg, 63 Texas, 506; Duncan v. Taylor, Id., 645; 1 Sayles' Ann. Stats., art. 65r.

The contract shows upon its face that it is to secure an existing indebtedness of five hundred dollars; that it was to secure a further advancement of stock, and that Horton & Hays were to sell the goods and pay Wilber the proceeds less the profits. In other words, they were to

pay him for the goods as fast as they were sold, retaining only the profits. That the relation of debtor and creditor was to be continued is shown by the provision that the title is to remain in Wilber until the said firm shall have paid all the purchase money, and by the further provision that upon default he should have the right to take possession and to dispose of the goods and to "pay himself from the proceeds of said sale." The inventories annexed to the instruments showed the value of all the goods subject to it to be $1794. The original indebtedness intended to be secured as expressed in the deed was but $500. Upon its face it is called a mortgage, it is registered as a mortgage, and it is a mortgage. Parol evidence should not have been permitted to show the contrary. This conclusion renders it unnecessary to discuss the assignments of error in detail. The instrument being void the plaintiff in error had no right to the property. If it had been a valid mortgage, the mortgagors being in the possession of the property, the claimant was not entitled to the remedy provided by statute for the trial of the right of property by tendering an oath and bond. Garrity v. Thompson, 64 Texas, 597.

But it is complained that the court did not submit the proper issues and that the jury did not render the proper verdict. The value of the property as shown by the sheriff's return was $1625.65, and the amount claimed in the execution was only $124.06, besides interest and costs, and the court charged the jury that if they found the issue in favor of Kray & Co. to find for them the amount of their debt, interest, and costs.

The jury were also instructed in another place in the event they found that the goods were subject to plaintiff's levy to say so by their verdict. The verdict is as follows: "We the jury find for the plaintiffs the amounts $124.06 principal, $20.66 interest, costs $5.60; goods levied on amounts $1625.62." The statute prescribes no form of verdict, and we do not see that a verdict generally "for the plaintiffs" or "for the defendant" would not be decisive of the issues in favor of the party for whom a verdict was so found. The court having given two forms for the verdict to be returned in case the finding was for Kray & Co., and the jury having adopted one of them, the verdict shows beyond any controversy that the jury determined the issues in their favor. It was not necessary for the jury to find the amount for which the claimant and the sureties on his bond were bound, because this was fixed by law. But such finding can do no possible harm, and so much of the verdict may be treated as surplusage, and a good and sufficient verdict left standing. The claimant and his sureties were liable to have a judgment rendered against them for the value of the property—an amount largely in excess of that found by the jury. The court should have rendered a judgment upon the verdict against them for the value of the property with legal interest thereon from the date of the bond (Rev. Stats., art. 4843) and

ten per cent damages upon the amount claimed in the writ, that amount being less than the value of the property. Rev. Stats., art. 4841. The fact that the judgment is for a less amount, namely, the amount claimed in the writ, with interest, costs, and damages, is not a matter of which the claimant and his sureties can complain. They still had the right to satisfy the judgment by returning the property within ten days from the rendition of the judgment against them. Rev. Stats., art. 4845.

The uncontroverted evidence in the case showing that plaintiff in error had no valid claim to the property, the defendants in error were clearly entitled to a judgment for a larger sum than they have recovered. Under such circumstances the judgment will not be reversed for errors in the proceedings. Bowles v. Brice, 66 Texas, 724, and cases there cited. It is therefore unnecessary to consider alleged errors of the court in the admission of evidence and in the charge to the jury.

The judgment is accordingly affirmed.

*Affirmed.*

Delivered April 19, 1889.