J. H. WRIGHT ET AL. v. TEXAS MOLINE PLOW COMPANY ET AL.

Decided November 1, 1905.

**1.—Mortgaged Property—Sale—Lien on Proceeds.**

Where mortgaged property was sold by the mortgagor, the mortgagee, in order to establish a lien upon property bought with the proceeds, must be able to trace such proceeds into the purchase of the specific property on which such lien is claimed, the principle of confusion of goods by a trustee having no application to such a transaction.

**2.—Same—Bankruptcy.**

The property of a debtor having been sold by a receiver in proceedings by mortgages who claimed a lien on the property mortgaged and on other property in which the proceeds of the sale of mortgaged property had been invested, but had failed to trace such investment into the purchase of any specific property, a trustee in bankruptcy of the debtor, appointed after the receiver had possession, was entitled, as against the mortgagees, to recover the proceeds of so much of the property as the mortgagees had so failed to establish a lien upon.

**3.—Same—Ruling Followed.**

The decision upon a former appeal in this case (Texas Moline Plow Co. v. Kingman, Texas, Imp. Co., 80 S. W. Rep., 1042) approved and followed.

Appeal from the District Court of Dallas County. Tried below before Hon. T. F. Nash.

*Armstrong & Hanger* and *A. B. Flanary*, for appellant Wright.—Property in custodia legis should be returned to defendant, or his representative, when writ was wrongfully issued, or possession wrongfully acquired. Petty v. Lang, 81 Texas, 238; Smith v. Whitfield, 67 Texas, 124; Hamilton v. Kilpatrick, 29 S. W., 819.

The reservation of title contained in the orders given by Hutcheson to appellee and intervenors is in legal effect, a chattel mortgage. Rev.

Stats., arts. 2549, 3327 and 3329; Milburn Mfg. Co. v. Peak, 89 Texas, 211; Harling v. Creech, 88 Texas, 300.

Said chattel mortgages are in contravention of article 2548 of the statute of frauds, and are therefore fraudulent and void. Art. 2548, Rev. Stats.; Wilber v. Kray, 11 S. W., 540; Bank v. Lovenberg, 63 Texas,. 506; Dunkin v. Taylor, 63 Texas, 645; Avery v. Mansur Implement Co., 37 S. W., 466.

The mortgage lien does not attach by operation of law to the property that the proceeds of mortgaged property may be invested in. Cobbey on Chattel Mortgages, sec. 636; Beers v. Waterbury, 8 Bosw., 396; Ware v. Georgetown Cong. Society, 125 Mass., 534; Waters v. Cass County Bank, 65 Iowa, 234.

When the proceeds of mortgaged property are deposited in the general account of the mortgagor, and are mingled with the mortgagor's other funds, or the funds of the bank, the mortgage lien is lost. Moline Plow Co. v. Kingman T. I. Co., 80 S. W., 1042; Jones on Lien, sec. 34; Bank v. Weems, 69 Texas, 489; Cobby on Chattel Mortgages, art. 766, and cases there cited; Brown v. Barber, 47 Kan., 527; Grinnel v. Suydam, 3 Sanford, 132; Bank v. Dowd, 2 L. R. A., 480.

The burden is on the party seeking to impress a trust on property to trace and identify the trust fund, and to show how much of the trust fund has been invested in other property and into what particular property the same has been invested. Moline Plow Co. v. Kingman Imp. Co., 80 S. W., 1042; Bank v. Weems, 69 Texas, 489; Bank v. Dowd, 2 L. R. A., 480; Silk Co. v. Flanders, 87 Wis., 237; Cavin v. Gleason, 105 N. Y., 256.

The United States District Court of the Northern District of Texas has exclusive jurisdiction to determine the rights of the creditors of Hutcheson to the fund in controversy. Said fund should be delivered to the intervenor Wright to be there administered. National Bankrupt Law, secs. 2-67; Moline Plow Co. v. Kingman T. I. Co., 80 S. W., 1042; Brandenberg on Bankruptcy, p. 175; Morris v. Davidson, 11· N. B. R., 454; In re English, 127 Fed. Rep., 946; Tatman v. Humphrey, 63 L. R. A., 738; Wilson Bros. v. Nelson, 183 U. S., 191.

*J. M. McCormick,* for appellant Kingman Texas Imp. Company.— The evidence was uncontradicted to the effect that the plaintiff had a lien for the payment of its debt on all the goods, the sale of which resulted in the funds. Holloway Seed Co. v. City National Bank, 92 Texas, 191, and cases cited; Morrison v. Adoue, 76 Texas, 262; Carter v. Carpenter, 7 Bush., 257.

A voluntary petition in bankruptcy does not effect a vacation of levies made upon property through legal proceedings against a person who is insolvent within four months prior to the filing of the petition in bankruptcy. It is only in involuntary cases when this effect flows from the institution of bankruptcy proceedings. In re Easley, 93 Fed. Rep., 420; In re O'Connor, 95 Fed. Rep., 943.

Independent of any question of registration, the plaintiff was entitled, as against the intervening creditors, to a priority in the distribution of the proceeds of the sale of the property placed in the hands of a receiver, because by plaintiff's diligence in sequestrating through the re-

ceivership, and preserving the trust fund, it acquired by an equitable levy thereon, a priority over the other creditors of Hutcheson having similar claims to said fund arising out of the contracts to which plaintiff was not a party. The original bill was in the nature of a creditor's bill. Corning v. Norton, 2 Paige, 567; Beach on Receivers, sec. 623; Kimberly v. Hartley, 1 Fed., 574; Smith's Eq. Remedies, sec. 235; Sage v. Memphis, etc., Ry. Co., 125 U. S., 376; Spellman v. Freedman, 130 N. Y., 423; Beach Mod. Eq., sec. 913; Freedman's S. & T. Co. v. Earle, 110 U. S. 710.

EIDSON, Associate Justice.—This suit was originally brought by Kingman, Texas Implement Company against W. L. Hutcheson to recover on certain notes and an open account held by it against the said Hutcheson, and alleged to have accrued on account of the sale by it to the said Hutcheson of certain merchandise under the following agreement:

"It is expressly agreed that the title to and ownership of all goods shipped under this contract shall remain vested in the Kingman, Texas Implement Company, unless at their option it shall be expressly waived in writing. And the goods are to be held at all times subject to their order until paid for. If sales are made before payment, they shall be made only in the regular course of business, and the proceeds of such sales, whether cash, book account or notes, are to be held as the property of the Kingman, Texas Implement Company in trust as collateral security for their benefit and subject to their order until all obligations provided for in this contract or arising therefrom, are fully paid in money, or until full payment is made at the net prices herein specified. But nothing in this clause shall release the undersigned purchaser from making the payments as above stipulated. It is further agreed that notes taken by the Kingman Texas Implement Company are not accepted as payment or a novation or waiver of this contract."

It further alleged that said agreement was in fact a chattel mortgage, and that the same had been registered as a chattel mortgage in the records of Tarrant County, Texas; that the said Hutcheson had sold all of said goods except eight buggies and one or two plows and had received in payment therefor more than $3,000 in money and promissory notes, as the proceeds of such goods; that instead of holding the same under said contract for the benefit of said Kingman, Texas Implement Company, he has used said money and notes and the proceeds of said notes in replenishing his stock of goods, and thereby it, the said Kingman, Texas Implement Company, became entitled to a lien on said stock of goods for the payment of said indebtedness due to it by said Hutcheson; that since the institution of the suit a receiver had been appointed and the goods sold and the proceeds of all the assets of the mercantile business of the said Hutcheson were deposited in the registry of the court; that since the institution of the suit J. H. Wright had been appointed trustee in bankruptcy of the said Hutcheson, and had made himself a party to the suit. It further alleged that by reason of its said contract and the registry thereof, it became entitled to a preference lien upon all of the proceeds of the sale of the merchandise in the registry of the court.

The original petition of the Kingman, Texas Implement Company and application for a receiver were filed September 16, 1901, and on the same day the court granted the writ of injunction prayed for, and ordered that the property described in the petition, together with all notes and accounts pertaining thereto in the possession of Hutcheson, his agents, attorneys or servants, together with the books of account of said business and the invoices of merchandise thereof and all memoranda relating thereto be placed in the hands of the receiver. W. S. Long, of Dallas, Texas, was appointed receiver and ordered to take possession of said property on giving bond in the sum of $2,000. He took possession of all of said property in possession of said Hutcheson, consisting of accounts of the face value of $2,403.12, notes of the face value of $774, and merchandise of the invoice value of $4,673.93. Thereafter, on the 5th day of October, 1901, the court entered an order, requiring all persons who had any claim or interest in said property, to intervene in this suit and set up such claims on or before the first day of the next term of said court, or be forever barred from asserting claim to said goods or any part thereof, and it was ordered that publication of said order be made in a daily newspaper for eight days prior to the first day of November, 1901. All of the petitions of intervention were filed by leave of the court within said time. Under the orders of the court the receiver sold the notes and accounts received by him for $512.50, and the merchandise, after withdrawing certain specified wagons, buggies and implements, for $2,690.16, and the buggies and implements withdrawn for $254.50, and the wagons for $260; all of the funds realized amounting in the aggregate to the sum of $3,827.16. Said funds, after deducting the expenses authorized by the court aggregating $607.87, were paid into the court, the amount being $3,221.29.

In the second amended original petition of Kingman, Texas Implement Company, it sets up the previous judgment of the trial court and the distribution thereunder of the funds in the registry of the court, and the subsequent reversal by the Court of Civil Appeals of such judgment, and sets up that the receivership has been closed, and that the controversy herein is at this time as to the money awarded to the plaintiff Kingman, Texas Implement Company over and above the sum of $254.50, which sum represented the value of the goods on which it established a specific lien, and as to which affirmance was rendered by the Court of Civil Appeals; and set up that more than a year had elapsed since the appointment of a trustee in the bankruptcy proceedings, and that only a few claims of small amounts had been proven in the bankruptcy proceedings, and that the time had elapsed for the parties to prove up their claims in bankruptcy, and asked that the court, on this account, administer the estate for the benefit of the creditors who were parties to this suit, in case the court should not hold in its favor on its claim of a lien on the entire fund.

Appellant J. H. Wright who intervened in the suit answered (1) by plea in abatement, that said Hutcheson was on the 17th day of September, 1901, duly adjudged a bankrupt upon his voluntary petition, and thereafter on the 28th day of September, 1901, appellant was legally appointed trustee of the estate of the said Hutcheson, and had

properly qualified as such; (2) general demurrer to appellees' petition and to all the other pleas of intervention; (3) by special exception to that portion of appellees' petition and the various pleas of intervention, wherein it is alleged that the proceeds of property mortgaged by said Hutcheson had been invested in other property, and that thereby appellee and the other intervenors have acquired a preference lien against the property and estate of said Hutcheson, for the reasons that the allegations are insufficient to show a valid and subsisting lien and because the same show that the court is without jurisdiction to administer said estate, or to determine the priorities between the creditors of the same; (4) by general denial to said petition and said pleas of intervention; (5) by special plea that the alleged chattel mortgage or liens in favor of appellee and intervenors are contained in order blanks given by said Hutcheson to said respective creditors for goods ordered by him at the time such order blanks are dated, and that the lien by its terms only relates to the goods ordered, that the goods so ordered were mixed and mingled with other goods owned by said Hutcheson, and were exposed to daily sale in the ordinary course of business by him as a retail merchant; that said mortgage liens were retained in contemplation that said goods would be exposed daily to sale in the regular course of business of the said Hutcheson, and in contemplation of the continuance of the possession of same by him, that none of said goods nor proceeds of same were held by said Hutcheson on consignment or in trust for plaintiff or said interveners, and that none of said mortgages were registered except the mortgage of appellee, which was registered on the 14th day of September, 1901, two days prior to the institution of the suit; (6) by plea in bar to the effect that said Hutcheson had been adjudged a bankrupt, and that he had been appointed trustee and had demanded of the receiver, W. S. Long, possession of said property; and (7) by plea to the effect that plaintiff, Kingman, Texas Implement Company, on July 30, 1902, had taken from the registry of the court, and had receipted the clerk therefor, the sum of $2,846.14, including the sum of $254.50, by virtue of a previous judgment of this court, from which judgment appeal was taken and judgment rendered vacating such order, as appears in the opinion of the Court of Civil Appeals of the Fourth District in this case, reported in 80 S. W. Rep., 1042, and judgment was asked by appellant for this amount.

W. L. Hutcheson answered by plea in abatement, general and special demurrers, general denial and special pleas, substantially the same as those of appellant Wright.

The Texas Moline Plow Company, Keating Implement & Machine Company, Emerson Manufacturing Company and T. H. Smith Company, each filed a plea of intervention, alleging the amount of indebtedness found for each of them by the verdict of the jury, and alleging substantially the same lien as set up by Kingman, Texas Implement Company in its petition.

The jury, under the direction of the court, returned the following verdict: "We the jury find against the plaintiff in the sum of $2,846.14, same being amount heretofore received by plaintiff out of the registry of this court, less the sum of $254.50, the amounts of

proceeds of plaintiff's goods on which it held lien, leaving the net amount of $2,591.64, which we find against plaintiff. We further find the said sum of $2,591.64 to be applied, first, to the payment of costs herein, and the remainder to be prorated between the plaintiff and the interveners, in proportion to the amounts of their respective unpaid recoveries herein adjudged to them respectively against defendant W. L. Hutcheson."

Judgment was rendered upon this verdict for plaintiff Kingman, Texas Implement Company and for the other interveners ánd against J. H. Wright, appellant, prorating the fund obtained from the sale of the estate of defendant Hutcheson taken possession of by the receiver under the orders of the court after payment of costs and expenses between plaintiff and other creditors interveners, and refusing recovery to appellant as trustee in bankruptcy. Appellant Wright and the Kingman, Texas Implement Company alone have perfected an appeal from this judgment.

*Opinion.*—Appellant J. H. Wright's assignments of error all practically contend, first, that appellees' pleadings and the proof show that they have no valid lien, legal or equitable, upon the property in controversy; and, second, that he, as the trustee in bankruptcy of the estate of Hutcheson, is entitled to the possession of said property. The allegations of appellees' petition and the uncontroverted evidence showed that the goods were sold by appellee to Hutcheson with the reservation of the title to secure the purchase money. This constitutes a mortgage. (Rev. Stats., art. 3327; Harling v. Creech, 88 Texas, 300; Milburn Mfg. Co. v. Peak, 89 Texas, 211.) The pleading and proof also show that the goods were sold to Hutcheson with the understanding that they would be exposed to sale in the regular course of his business as a merchant, and that all, except a small portion thereof, were sold by him in the regular course of his said business. This renders the mortgage void. (Rev. Stats., art. 2548; Wilber v. Kray, 11 S. W. Rep., 540; Bank v. Lovenberg, 63 Texas, 506; Dunkin v. Taylor, 63 Texas, 645.) The pleadings and evidence show that the proceeds of all of the merchandise sold to Hutcheson by appellee, and which merchandise was on hand at the time of the appointment of the receiver, were turned over to appellees. The evidence not only fails to point out any specific property on hand as the proceeds of the sale of property sold by appellees to Hutcheson, but fails to show that any of the property on hand at the time the receiver took possession of same resulted from or was the proceeds of the sale of the property of appellees. In order for appellees to reach the property in controversy, or any part of it, and subject same to the payment of their debts against Hutcheson, they must show what particular or specific part of the property on hand was acquired by the sale of or resulted from the proceeds of the sale of the merchandise sold by them respectively to Hutcheson. This the evidence shows they failed to do. (Texas Moline Plow Co. v. Kingman Texas Implement Co., 80 S. W. Rep., 1042.)

The precise question was before the Court of Civil Appeals of the Fourth District on the former appeal of this case, and that court, in an able and well considered opinion, delivered by Mr. Justice Fly,.

held, on a state of facts the same as in the record on this appeal, that the evidence failing to trace any part of the proceeds of the sale of the property of appellees into any specific property on hand at the time the receiver took possession thereof, such property was not impressed with a trust in favor of appellees. In the case of Bank v. Weems, 69 Texas, 499, the court says: "The true rule is that a trust estate must be clearly traced into other specific property in order that the *cestui que trust* may claim either the property itself, or a lien upon it."

The Court of Civil Appeals on the former appeal affirmed that part of the judgment of the court below on the former trial which gave to appellees their identified property or the proceeds of the sale thereof; but held that under the facts, there was not basis for a finding that the other property in the hands of the receiver was impressed with a trust in favor of Kingman, Texas Implement Company, and that the proceeds of this should have been awarded to the trustee in bankruptcy; and this holding meets with our entire approval. After the particular property to which appellees' respective liens attached was identified and the proceeds of the sale thereof turned over to them, there was no further necessity for the receiver. The remainder of the property was subject to the claims of all the creditors of Hutcheson; and he, having been adjudicated a bankrupt and appellant Wright appointed trustee of his estate, thereby being made the legal representative of all his creditors, he, the said Wright, became entitled to the possession of said property. (Nat. Bankrupt Law, secs. 47, 67, 70; In re Tatem, 110 Fed. Rep., 520; In re Wright, 107 Fed. Rep., 428; In re Legg, 96 Fed. Rep., 327.)

It is unnecessary for us to discuss in detail the assignments of error of the Kingman, Texas Implement Company, as we overrule them all for the reasons above stated.

We do not think the issue of the wrongful commingling of trust funds by the trustee with his own property raised by the evidence in this case; and therefore, the principle of law applicable to such an issue is inapplicable to any evidence in this case.

The judgment of the court below is reversed, and judgment here rendered in favor of appellant J. H. Wright as trustee in bankruptcy of the estate of W. L. Hutcheson against Kingman, Texas Implement Company for the sum of $2,591.64, and against the said Kingman, Texas Implement Company and the other appellees herein for all costs of suit; and that the said other appellees, Texas Moline Plow Company, Keating Implement & Machine Company, Emerson Manufacturing Company and T. H. Smith Company, take nothing by their suit and intervention herein insofar as same relates to the fund in controversy herein.

*Reversed and remanded.*