**FIRST NAT. BANK OF STEPHENVILLE v. THOMPSON et al. (No. 6947.)**

(Court of Civil Appeals of Texas. San Antonio. May 2, 1923. Rehearing Denied May 23, 1923.)

1. **Chattel mortgages ⬅188(2)—Mortgage on stock of automobiles and accessories remaining in mortgagor's possession without outward change in conduct of business void.**

A mortgage on a stock of automobiles and accessories, of which mortgagors remained in possession without outwardly changing the conduct of their business, held void, as obnoxious to Vernon's Sayles' Ann. Civ. St. 1914, art. 3970, notwithstanding any secret agreement as to making reports of sales to mortgagee and obtaining its sanction.

2. **Chattel mortgages ⬅153—Mortgage not filed in county clerk's office until nearly two weeks after execution held void as to subsequent purchasers.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5655, declaring chattel mortgages not accompanied by immediate delivery and followed by actual change of possession of the property mortgaged void as against subsequent purchasers in good faith, unless "forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated," such a mortgage not deposited and filed in the clerk's office in a small town where mortgagee's place of business must have been at no great distance from the courthouse, for nearly two weeks after it was executed, was void as to subsequent puchasers.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by the First National Bank of Stephenville against A. J. Thompson and others. Judgment for plaintiff for less relief than demanded, and it appeals. Affirmed.

A. P. Young and Chandler & Pannill, all of Stephenville, for appellant.

Baylor B. Brown and James & Conner, all of Fort Worth, for appellees.

FLY, C. J. This is a suit based on two promissory notes, one for $5,275, and the other for $2,100, and to foreclose a chattel mortgage on a certain automobile known and designated as an Essex, instituted by appellant against the Service Filling Station, A. J. Thompson, R. E. Thompson, and W. B. Yeager, as makers of the notes and mortgage, and against Fain-Bender Motor Company to foreclose the mortgage, and in the alternative for the value of the automobile alleged to have ben converted by said Fain-Bender Motor Company. The cause was heard by the court, and judgment rendered in favor of appellant as against the Service Filling Station, A. J. Thompson, R. E. Thompson, and W. B. Yeager for the sum of $3,182, and in favor of Fain-Bender Motor Company.

The facts show that on March 12, 1921, a chattel mortgage was executed by all the appellees except Fain-Bender Motor Company on a gas pump, and tank, a cash register, showcase, vulcanizing plant, road signs, air comp. motor and tank, two lubricating oil tanks, adding machine, typewriter, iron safe, desk and chairs, one battery outfit, one galvanized sheet iron building, and the Britton Inn, also the stock of merchandise of all kinds, one new Essex car and one secondhand Overland car, and other personal property. The mortgage was given to secure the notes sued on. The mortgagors were engaged in the business of selling gasoline, automobiles, and automobile accessories, and continued their business after the execution of the mortgage as they had before. The mortgage was filed with the county court of Erath

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county on March 24, 1921, nearly two weeks after its execution. The Fain-Bender Motor Company purchased the Essex car from A. J. Thompson, a member of the partnership composing the Service Filling Station, in Fort Worth, Tarrant county, without any notice of the existence of the mortgage.

[1] It is provided in article 3970, Vernon's Sayles' Civ. Stats.:

"Every mortgage, deed of trust or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of the business of such merchandise and contemplating a continuance of the possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void."

Undoubtedly in this case the mortgagors were to remain and did remain in possession of the goods, wares, or merchandise, consisting of automobiles and automobile accessories, such as pliers, spark plugs, wrenches, jacks and other instruments and tools necessary to the proper use of automobiles. The mortgage did not outwardly change the conduct of the business, and no secret agreement as to making reports of sales to the mortgagee and obtaining its sanction of the same, could remove the transaction from the declaration of the statute that it was "fraudulent and void." Wilber v. Kray, 73 Tex. 533, 11 S. W. 540; Bank v. Lovenberg, 63 Tex. 506; Duncan v. Taylor, 63 Tex. 645; Avery v. Waples, 19 Tex. Civ. App. 672, 49 S. W. 151; Wright v. Moline Plow Co., 40 Tex. Civ. App. 434, 90 S. W. 905; Case Threshing Mach. Co. v. Lipper (Tex. Civ. App.) 181 S. W. 236. The last case cited was in regard to a mortgage on a stock of automobiles. The mortgage in this case, so far as the third parties were concerned, was undoubtedly obnoxious to article 3970.

[2] Under the terms of article 5655, Vernon's Sayles' Civ. Stats., every chattel mortgage, deed of trust, or other instrument of writing, intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor and as to subsequent purchasers and mortgagees or lienholders in good faith unless the mortgage or lien or a true copy of it "shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated." The mortgage in this case was not deposited with and filed in the office of the county clerk for nearly two weeks after it had been executed. This was in the small town of Stephenville, where the place of business of appellant must not have been at any

great distance from the courthouse, and which could and should have been reached in considerably less time than two weeks. Burlington State Bank v. Marlin State Bank (Tex. Civ. App.) 166 S. W. 499. The time that the mortgage was held by appellant was altogether unreasonable, and it was void as to subsequent purchasers under the statute.

The judgment is affirmed.