## COCKERHAM v. GILCHRIEST CHEV-ROLET CO., Inc.

### No. 2078.

Court of Civil Appeals of Texas. Beaumont.
May 7, 1931.

W. T. Davis, of San Augustine, for plaintiff in error.

Bogard & Anderson, of San Augustine, for defendant in error.

WALKER, J.

This was a suit by defendant in error against plaintiff in error upon a promissory note in the principal sum of $214, dated the 30th day of December, 1929, due February 1st after date, with interest at 10 per cent. per annum from date and 15 per cent. attorney's fees. Plaintiff in error answered by demurrers, general denial, and an unsworn plea of failure of consideration, to which defendant in error duly excepted by a supplemental petition. Upon trial to the county court without a jury judgment was rendered against both parties on their demurrers and in favor of defendant in error against plaintiff in error for $125 with interest at 6 per cent. per annum and 15 per cent. attorney's fees. Plaintiff in error has duly prosecuted his appeal from the judgment, and defendant in error has duly filed cross-assignments of error.

The substance of plaintiff in error's propositions is that the judgment against him was wholly without support in the pleadings and the evidence. There is no merit in the contention that the judgment has no support in the pleadings. Defendant's suit was upon its note in the amount stated, with a prayer for appropriate relief, which was sufficient to support a judgment for the full amount sued for, less any deficiency shown by plaintiff in error under his plea of failure of consideration. However, plaintiff in error correctly insists that the judgment against him as to amount is wholly without support in the evidence. There is not a scintilla of evidence in the record sustaining a finding in his favor for any specific sum as a defense against the full amount sued for by defendant in error, nor is there any evidence reducing the interest rate from 10 per cent. to 6 per cent. but the issue of partial failure of consideration was raised. Plaintiff in error does not insist, however, that judgment should be reversed and rendered in his favor, but only that the judgment of the lower court be reversed and the cause remanded.

On the facts stated plaintiff in error correctly asserts that the judgment is fundamentally erroneous, but, as stated by 3 Tex. Jur. § 574, to constitute reversible error the error complained of must not only be fundamental but "must also operate to the injury of the appellant." Again, in the same volume, page 584, it is said: "Error in rendering judgment for an amount less than the damages found by the jury is fundamental, though an appellant who is benefitted rather than injured thereby may not complain."

In this case the errors of which plaintiff in error complains operated materially in his favor, that is, to reduce the principal amount of the note sued upon from $214 to $125 and the interest rate from 10 per cent. to 6 per cent. Under the rule just announced by Texas Jurisprudence, which has full support in Owenwood Oil Corp. v. Sweet (Tex. Civ. App.) 263 S. W. 641, and Wilber v. Kray, 73 Tex. 533, 11 S. W. 540, appellant has suffered no injury and, therefore, cannot have the judgment of the lower court reversed.

By cross-assignments of error defendant in error challenges the judgment as being without support, and has advanced propositions sufficient to reverse the judgment, but erroneously insists that judgment should be rendered in its favor.

If in error in asking for a reversal and rendition in its favor, then plaintiff in error abandons its cross-assignments and prays that the judgment of the lower court be in all things affirmed, which is accordingly ordered.

Affirmed.