THE CITY TRUST, SAFE DEPOSIT AND SURETY COMPANY

*v.*

EDWARD W. LEE.

*Opinion filed October 26, 1903.*

1. BONDS—*bond prepared by obligor is construed most strongly against him.* A bond prepared by the obligor will be most strongly construed against him in case of ambiguity.

2. SAME—*rule as to construction of a written instrument.* A qualifying phrase in a written instrument is to be confined to the last antecedent, unless there is something in the instrument which calls for a different construction.

3. SAME—*what not a false answer to question in application for bond.* The statement "$85 per month as salary or commissions," in answer to a question as to compensation, contained in an application for an indemnity bond, is not false, where the party referred to received $10 per week in cash, the use of a flat worth $20 per month and a commission of two and one-half per cent on $1000 rent collected monthly by him.

4. GUARANTY—*bond construed as to scope of guaranty.* A bond prepared by a surety company guaranteeing an employer against "loss by reason of the dishonesty or fraud, amounting to larceny or embezzlement," of an employee, is a guaranty against dishonesty or fraud of the employee, whether such as would render him·liable to indictment for larceny or embezzlement or not.

*City Trust, etc. Co.* v. *Lee,* 107 Ill. App. 263, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

LOUIS L. DENT, for appellant.

RICE & O'NEIL, (WALTER M. HOWLAND, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court: ·

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county, in favor of the appellee,

for the sum of $1075, upon a bond given by the appellant to indemnify the appellee from loss by reason of the dishonesty or fraud, amounting to larceny or embezzlement, of Thomas J. Morrow, who was in the employ of appellee as a collector.

It appears from the evidence that appellee was the owner of certain buildings located in the city of Chicago and that he employed Morrow to collect the rents thereon, which amounted to about $1000 per month, for which service Morrow was to receive $10 per week in cash, the use of a flat in which to live, worth $20 per month, and a commission of two and one-half per cent on the amount of rent collected. The application for the bond was in writing, and stated that Morrow was to receive as salary or commissions the sum of $85 per month, and provided the answers to questions contained in said application should be construed as warranties and form the basis of the guaranty. It further appears that Morrow collected and failed to turn over to appellee rents to the amount of the judgment, converted the same to his own use, and absconded, and appellant having failed and refused to indemnify appellee, this suit was brought.

The first defense interposed by appellant was, that the answer contained in the application as to the compensation which Morrow was to receive for his services was false and by reason thereof there could be no recovery, and it requested the court to instruct the jury that if they found appellant was induced to sign the bond by reason of the answer as to the amount of salary or commissions to be paid Morrow, that such answer was false, and that the defendant did not know that it was false at the time it issued the bond, then they should find for the defendant. This the court refused to do. The total amount of Morrow's compensation amounted to at least $85 per month, and under the answer "$85 per month," to the question, "State amount of salary or commission to be paid the applicant," the compensation of

Morrow might have been properly payable in a gross sum in cash or all as commissions, and the answer been truthful. The information sought to be elicited by the answer to the question was the amount of Morrow's earnings, and the answer given was a fair answer to the question, and not evasive or fraudulent. We think the instructions were properly refused, as there was no evidence in the record upon which to base them.

The loss guaranteed was that sustained by the appellee through the dishonesty or any act of fraud of Morrow amounting to larceny or embezzlement, and it is argued that the conversion of the rents collected by Morrow did not amount to larceny or embezzlement, under the authority of *McElroy* v. *People*, 202 Ill. 473, as he had an interest in the funds to the extent of his commissions, hence it is said there could be no recovery on the bond. We do not agree with such contention, as we think it clear the phrase, "amounting to larceny or embezzlement," does not qualify the word "dishonesty," and that the appellant is liable upon the bond for any financial loss sustained by the appellee through the dishonesty of Morrow, even though the conversion of the rents collected by him to his own use would not subject him to an indictment and conviction for larceny or embezzlement. It is apparent the appellee, by the bond, sought to protect himself from financial loss from the dishonesty of Morrow, even though the act by which the loss was occasioned was not criminal. The bond was prepared by the appellant, and under a well settled rule of construction will be most strongly construed against it, and in our view was intended to protect appellee from financial loss from just such dishonest acts of Morrow, namely, the failure to account for and pay over rents collected, as the proof in this record shows him to have been guilty of, and the fact that he could not be convicted of larceny or embezzlement for the conversion of said rents will not relieve the appellant from liability on the bond. In the

construction of written instruments a qualifying phrase is to be confined to the last antecedent unless there is something in the instrument which requires a different construction. This rule has been enforced in many cases. *Zimmerman* v. *Willard,* 114 Ill. 364; *Dearborn* v. *Inhabitants of Brookline,* 97 Mass. 466; *Cushing* v. *Worrick,* 9 Gray, 382; *State* v. *Jernigan,* 3 Murphey, (N. C.) 18.

Finding no reversible error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*