J. I. CASE THRESHING MACH. CO. v.
LIPPER.   (No. 482.)*

(Court of Civil Appeals of Texas.   El Paso.
Dec. 16, 1915.   Rehearing Denied
Jan. 6, 1916.)

1. CHATTEL MORTGAGES ⊜186 — LIEN AND
PRIORITY—RIGHTS OF PURCHASER.

Where plaintiff sold automobiles to a dealer, taking notes secured by chattel mortgage in the ordinary form on the automobiles and a lien on other real and personal property, Rev. St. 1911, art. 3970, providing that a mortgage or lien given by the owner of any stock of goods, wares, or merchandise daily exposed to sale in parcels in the regular course of the business shall be deemed fraudulent and void, applied, and the mortgage was invalid as against a purchaser of an automobile from the dealer, since the transaction revealed no reservation of title in the plaintiff, but only a sale.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 368; Dec. Dig. ⊜186.]

2. CHATTEL MORTGAGES ⊜201 — LIEN AND
PRIORITY—EVIDENCE.

Evidence *held* sufficient to show that a sale of automobiles to a dealer was in contemplation that they would be exposed for sale by him in the ordinary course of business, so that a mortgage given by him on the automobiles was void as provided by Rev. St. 1911, art. 3970.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 360; Dec. Dig. ⊜201.]

3. APPEAL AND ERROR ⊜742 — RECORD ON
APPEAL—ASSIGNMENT OF ERROR.

Where, subjoined to an assignment of error, a new proposition is argued but is not raised by a separate assignment, and no supporting proposition is thereto attached, the question cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 300; Dec. Dig. ⊜742.]

4. APPEAL AND ERROR ⊜882 — ESTOPPEL —
AMOUNT OF RECOVERY.

Where plaintiff by writ of sequestration had secured an automobile alleging that it was worth $1,000, he could not thereafter question the correctness of the court's finding against him that it was worth $850, although there was evidence to show that it was worth only $600.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⊜882.]

Appeal from District Court, Harris County; N. G. Kittrell, Special Judge.

Sequestration by the J. I. Case Threshing Machine Company against O. M. Lipper. From a judgment for the defendant, plaintiff appeals. Affirmed.

A. B. Wilson and Cole & Cole, all of Houston, for appellant.   Lawrence Sochat, of Houston, for appellee.

HIGGINS, J.   Upon a former day of this term, this appeal was dismissed (179 S. W. 701) for want of finality in the judgment of the court below. By supplemental transcript since filed, it is shown that a final judgment was rendered and has been entered, so the order of dismissal heretofore made is set aside, and the appeal will now be considered upon its merits.   J. J. Gorman was engaged in a general automobile business in city of Houston, buying and selling new and second-hand cars. He also let out cars for hire. He was agent for the sale of the Case cars, manufactured by appellant. Appellant placed a big sign in front of his place of business, viz., "Case Automobiles." On June 6, 1913, Gorman gave appellant a written order to ship or deliver to him at Houston six Case cars for which he agreed to pay $9,651, evidenced by notes "secured by proper storage, first mortgage on said automobile," and by lien upon other real and personal property. This order was accepted by appellant and the cars delivered to Gorman. On June 7, 1913, Gorman gave appellant a mortgage in the ordinary form of chattel mortgages covering the purchased cars and other property to secure the payment of the purchase price of the six cars. Among the cars so purchased and mortgaged was a Case "30" No. 19566. Thereafter, Gorman, in the ordinary course of trade, sold and delivered car No. 19566 to A. E. Lundell, who, in turn, sold and delivered same to appellee, Lipper. By its intervention, in this cause, appellant sought recovery of said car or its value. At its instance, a writ of sequestration was issued and the car seized. Upon trial, Lipper recovered a judgment against appellant for the value of the car in sum of $850.

[1] The primary question raised by this appeal relates to the validity of appellant's mortgage upon the car as against Lipper. Article 3970, Revised Statutes, provides:

"Every mortgage, deed of trust or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of the business of such merchandise, and contemplating a continuance of the possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void."

Appellant asserts that under authority of Bowen v. Kansing Wagon Works, 91 Tex. 385, 43 S. W. 872, and other cases following same, the article quoted has no application, because its lien is in the form of a reservation of title to the property until its purchase price is paid. This point is raised by an attack upon the correctness of the trial court's finding that the automobile was sold and delivered without any reservation of title by appellant and its conclusion of law that the mortgage was invalid. The two first assignments relate to this phase of the case, and they are based upon the premise that there was a reservation of title by appellant to secure the payment of the purchase price. This premise is false, as the uncontradicted evidence shows that the cars were sold and delivered to Gorman without any such reservation of title, and the only lien to secure the purchase-money notes is that evidenced by the instrument of June 7, 1913, executed by Gorman in the ordinary form of a chattel mortgage.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

[2] The third assignment reads:

"The court erred in rendering a judgment for defendant Lipper for the car in controversy, because there is no evidence that the cars were sold by the J. I. Case Threshing Machine Company to defendant Gorman in contemplation that they would be exposed for sale by defendant Gorman as a dealer in the ordinary course of business, but, on the contrary, the uncontradicted evidence is that the J. I. Case Threshing Machine Company did not know the purpose or object of the purchase of said automobiles by defendant Gorman, or what defendant Gorman would do with said automobiles, and that the sign, 'Case Automobiles,' was placed by J. I. Case Threshing Machine Company at Gorman's place of business."

This assignment, likewise, is without merit. Without undertaking to detail all the evidence supporting the finding of the trial court that the six cars were sold and delivered to Gorman in contemplation by appellant that they would be daily exposed for sale in the regular course of business, it is sufficient to merely call attention to the nature of Gorman's business, the sign placed there by appellant, the past business relations between the parties, and the testimony of H. F. Ertsberger, appellant's branch manager when the cars were sold to Gorman and who assisted in taking the order. He testified:

"I was the branch manager for the Case Threshing Machine Company here.· I am not their manager now. I am a salesman. I sold Gorman· a good many of the machines that he bought from the Case people. I reckon he bought those cars because he wanted them. I presume he wanted to sell them again. He was authorized to sell those cars that he bought for the Case people. He had a contract with them. He had a contract to sell the cars on commission. Whenever he bought cars, they were his to do with as he pleased. Whenever he bought cars and gave a mortgage for them, if he complied with his contract, he could do with them as he pleased. I don't know whether he bought these cars to sell or for his own use. I don't know how many cars I have sold him. I don't know whether it was 10 or 12, or whether it was 2 or 3. I know that this mortgage calls for 10 cars. He bought 6 of those cars from me. I don't know whether he bought those cars for his own use or not. I have sold him cars besides these 6 cars in this mortgage, but I don't know how many, and I don't know whether they were for his own use or not. He was a merchant engaged in the business of selling automobiles, he sold Case automobiles and had a sign on his place of business, 'Case Automobiles for Sale.' He was authorized to sell Case automobiles by a contract."

Also, the testimony of appellant's collection manager for that territory, Arrance, as follows:

"That is not the only bill of goods we have sold Gorman. We have sold him quite extensively. He was our local agent for the Case cars. A man who wanted to buy a Case car did not necessarily have to go to Gorman to buy it. We sold them here from our wareroom. In case we sold one from the wareroom, we did not give him credit for the sale. Outside of ourselves, he was the only man in Houston who handled the Case car. We had a big sign there in front of his place, 'Case Automobiles.'"

[3] In the argument subjoined to this assignment, it is suggested that automobiles would not be considered such a "stock of goods, wares and merchandise daily exposed to sale, in parcels," as is contemplated by article 3970. This question is not raised by the assignment itself, nor its supporting proposition, and is not properly presented for determination. Therefore no opinion in regard thereto is expressed.

[4] It is last assigned as error that the court erred in fixing the value of the car at $850, because the only evidence in regard thereto was the testimony of Arrance that it was worth $600. Appellant in his intervention alleged the car was worth $1,000. It is thus not in a position to question the correctness of the court's finding that it was worth $850. Ogden v. Bosse, 86 Tex. 336, 24 S. W. 798; Railway Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877.

Affirmed.