**PIPER et al. v. DENNIS et al.  (No. 9395.)**

(Court of Civil Appeals of Texas. Dallas. June 6, 1925. Rehearing Denied July 6, 1925.)

**1. Insurance ⬅146(3)—Construction in favor of insured.**

Where indemnity insurance policy is susceptible of reasonable construction permitting recovery, such construction must be adopted rather than another reasonable construction denying recovery.

**2. Insurance ⬅425—Sellers' policy on car held to cover loss for disappearance of purchaser with car.**

Where seller of secondhand automobile on installment plan took mortgage to secure unpaid purchase price, and insured it against theft and fire, rider to policy indemnifying mortgagee against loss through wrongful conversion, amounting to larceny or embezzlement by purchaser, *held* to cover loss, through disappearance of purchaser, amounting to conversion of seller's interest.

Appeal from Dallas County Court at Law, No. 2; Wiley A. Bell, Judge.

Action by E. M. Piper and another against W. L. Dennis and others. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

C. C. Renfro and Chas. S. McCombs, both of Dallas, for appellants.

Davis, Johnson & Carter, of Dallas, for appellees.

JONES, C. J. This is an appeal by appellants E. M. Piper and S. H. Berkley, doing business as a copartnership under the firm name of Piper & Berkley, from an adverse judgment in favor of appellee W. L. Dennis as manager and attorney in fact for the Underwriters of the Fidelity Lloyds of America. There is no question made in this court as to the sufficiency of the pleadings of the parties. and the appeal is submitted on an agreed statement of facts, and that part of same which has a material bearing on the issues involved herein may be briefly summarized as follows:

Appellants' business was operated in Dallas county, and consisted in the buying of automobiles and the selling of same to the retail trade. Appellee Dennis was the manager and attorney in fact for the Underwriters of the Fidelity Lloyds of America, an insurance company with its office in the city of Houston, Harris county, Tex. There was a local agency in Dallas, managed by a local resident agent. On November 7, 1921, L. M. Carter purchased from appellants a secondhand Ford

touring car, paying therefor $75 in cash, and executing his note in favor of appellant for the sum of $230, to be paid in monthly installments, and secured by a chattel mortgage lien on the car. The said Carter, at the time of the purchase, filled out and signed a blank form described as the "purchaser's statement." In this statement his residence was given at Arlington, Tex.; his occupation as "salesman for a manufacturing company of Denver, Colo."; and his salary. $150 per month. It was also stated that he was a married man, and had a brother and married sister living in Iuka, state of Mississippi, and that he owned a lot in said town valued at $700. He also gave three references with purported residences at Arlington, Tex. One or two days after the purchase of the car the purchaser returned to the place of business of appellants, and had some minor adjustments made on the car. This was the last time either Carter or the car was ever seen or heard from, though diligent search was made by appellants to locate both the purchaser and the car. None of the references given could ever be located, and apparently did not live at the location given.

On the occasion of the purchase appellants secured from appellee a policy of insurance against loss of the car either by fire or theft. In the body of the policy there was a special exception relieving the insurer from certain risks, one of which is shown by the following clause:

"And excepting also the wrongful conversion, embezzlement, or secretion by a mortgagee or vendee in possession under mortgage."

The risk thus excepted is substantially covered in the form of a rider as follows:

"For an additional premium, this policy is extended to indemnify the mortgagee named herein against any loss through the wrongful conversion amounting to larceny or embezzlement of the motor vehicle described, by the person named herein as purchaser, the liability of the subscriber not to exceed the unpaid installments of the purchase price of the motor vehicle."

The body of the policy also contained provisions in reference to notice to appellants, if certain named defaults of the purchaser should occur, and placed a duty under certain conditions on appellants to repossess themselves of the car, and, if unable to do so, to give immediate notice to appellants of such inability. There is no question raised as to appellants' efforts to repossess themselves of the car and to give timely notice to appellees of their failure in this respect, or that their failure to do so was unavoidable. The policy also contained stipulations as to the time that must elapse before suit could be maintained by appellants. There is no issue presented in reference to this stipulation.

This cause was tried before the court on April 25, 1924, and a judgment entered that appellants take nothing by reason of their suit. The court filed findings of fact in accord with the said agreed statement, and from the said findings concluded, as a matter of law, that the purchaser, L. M. Carter, was not guilty of "wrongful conversion amounting to larceny or embezzlement," and that judgment should be entered in favor of appellee Dennis as manager and attorney in fact for the Underwriters of the Fidelity Lloyds of America, and entered judgment accordingly.

[1] The question involved in this appeal is whether Carter, by the commission of the said wrongful acts above given, through the means of which he rendered it impossible for appellants either to repossess themselves of the car or to subject it to the payment of their debt through foreclosure of their mortgage lien, created a contingency which is covered by the policy of insurance. This must be determined by what reasonably appears to have been the intention of the parties, deduced from the terms of the insurance contract when construed in the light of the facts existing at the time the insurance contract was executed. If, when so viewed, this contract is susceptible to a reasonable construction that will allow a recovery, such construction must be adopted, notwithstanding there may be another reasonable construction that would deny a recovery. Mass. Bonding & Ins. Co. v. Tex. Fin. Corp. (Tex. Civ. App.) 258 S. W. 250; Griffin v. Zuber, 52 Tex. Civ. App. 288, 113 S. W. 961; Joyce on Ins. (2d Ed.) § 2766.

[2] The circumstances that would tend to manifest the intention of the parties are that appellants had made a contract of sale under the terms of which the purchaser, by the payment of a small sum in cash, was given possession of the automobile, with the relatively large deferred payment secured only by a chattel mortgage on the car. It was manifest to both the insurer and the insured that this security could be easily destroyed by the very means subsequently used by the purchaser as well as by a sale of the car and a misapplication of the proceeds. In the commission of either of said acts Carter could not be successfully prosecuted for the offense of embezzlement or the offense of larceny, for such acts would not come within the technical definition of either of such offenses. His legal possession of the automobile was a right incident to his contract of purchase, and rendered it impossible for him to commit these offenses by means of said acts. Appellee received the consideration and extended the policy of insurance to indemnify appellants against any loss "through the wrongful conversion amounting to larceny or embezzlement of the motor vehicle described by the person named herein as purchaser."

What contingency growing out of the wrongful acts of the purchaser did the insurer intend to insure against by use of the indefinite phrase "wrongful conversion amounting to

larceny or embezzlement"? Evidently not a wrongful conversion through the commission of either the crime of theft of the car or its embezzlement, for these offenses could not be committed by the purchaser by any use he might make of this car. While not amounting to one of the crimes mentioned in the policy, the purchaser could, and did, wrongfully convert to his own use the interest appellants had in the car represented by their chattel mortgage. Such conversion was the only possible wrongful conversion the purchaser could have committed under the circumstances attending his possession of the car. It is reasonable to conclude that both insurer and insured had reference to a future contingency as to the purchaser's possession of this car that might arise rather than to a future contingency that could in no event arise. We therefore conclude that the parties contracted in reference to the wrongful conversion of appellants' interest in the car as mortgagees.

Was this a wrongful conversion "amounting to larceny or embezzlement"? We think so, for it destroyed just as effectually appellants' said interest in the car, without their knowledge or consent, as would have been done by the commission of such acts as technically constitute either one of these offenses, and there was just as complete an application of appellants' said interest in the car to the benefit of the wrongdoer. In other words, the total effect of the purchaser's act of conversion was equal to larceny or embezzlement.

We therefore hold that the trial court erred in his conclusion of law, and that this cause should be reversed and here rendered in favor of appellants.

Reversed and rendered.